UNITED STATES of America,
Plaintiff-Appellee,

v.

Jose ALEMAN, Defendant-Appellant.

No. 86–5784.

United States Court of Appeals,
Eleventh Circuit.

Nov. 16, 1987.

Richard A. Hamar, Hamar & Hamar, Miami, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., William Xanttopoulos, Linda Collins Hertz, Mayra Reyler Lichter, Harriett Galvin, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before JOHNSON and EDMONDSON, Circuit Judges, and HOFFMAN *, Senior District Judge.

EDMONDSON, Circuit Judge:

In this case this Court must consider what is necessary to trigger the operation of the procedures set out in Fed.R.Crim.P. 32(c)(3)(D). Because we conclude that defendant in this case advanced no proper and sufficient allegation of factual inaccu-

racy with respect to his presentence investigation report, we affirm the district court's judgment.

Defendant Aleman was indicted on two counts involving violations of federal law relating to controlled substances. In accordance with the terms of a plea agreement, he subsequently pleaded guilty to one count of conspiracy to possess cocaine with intent to distribute and agreed to testify at the jury trial against his alleged co-conspirator. During Aleman's testimony at that trial, however, the prosecution found it necessary to have Aleman declared a hostile witness; and the co-conspirator was acquitted. Defendant Aleman was sentenced to nine years' incarceration, out of a possible maximum sentence of twenty years. Defendant subsequently filed a motion for reconsideration of sentencing, alleging that the sentencing court had failed to comply with the mandates of Fed. R.Crim.P. 32(c)(3)(D). The district court denied this motion; defendant brought this appeal.

Defendant challenges the sentence imposed on several grounds and requests rehearing and resentencing. In addition to various other alleged errors,[1] defendant contends that the district court did not meet the requirements of Fed.R.Crim.P. 32(c)(3)(D) by failing to take steps to determine the truth and to make written findings following defendant's objection to inaccuracies in the presentence investigation report (PSI). Because this involves an issue not yet considered by this Court—how Rule 32(c)(3)(D) is effectively triggered—we will examine the matter at some length.

A PSI report ordinarily is prepared by the probation service of the district court prior to sentencing of a defendant.[2] A copy of the report is presented to defendant and defense counsel for their review sufficiently in advance of the sentencing.[3] At sentencing, the court determines wheth-

---

* Honorable Walter H. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

1. We have determined that these contentions are without merit and will not discuss them further.

2. *See* Fed.R.Crim.P. 32(c)(1).

3. *See* Fed.R.Crim.P. 32(c)(3)(A).

er defendant has read and discussed the report with counsel [4] and whether there are objections to the report.[5] If the defense does not contest the PSI, the procedural mechanisms set out in Rule 32(c)(3)(D) never come into play. The district court must take specific action only if the defense alleges that there are "factual inaccuracies" in the report. At the outset, we consider whether there is an affirmative burden on the sentencing court to interrogate defendant and thereby elicit a statement as to any inaccuracies or whether the burden lies with defendant to bring such inaccuracies to the attention of the court.

Section (c)(3)(D), itself, in no way speaks to the manner of elicitation of defendant's comment on inaccuracies of the presentence report. Section (c)(3)(A) of Rule 32, however, does require that the court "afford the defendant and the defendant's counsel an opportunity to comment on the report." There is no requirement in the Rule that the district court pose a direct and specific question to defendant concerning the presence of factual misinformation in the PSI. As the Third Circuit has already noted, the language of provision (c)(3) differs significantly from that of Rule 32(a)(1)(C) which prescribes that the court address the defendant personally; this suggests that the Rule's drafters did not intend to impose such a requirement as regards provisions (c)(3)(A) and (D). *United States v. Mays*, 798 F.2d 78, 80 (3d Cir. 1986). We therefore conclude that the sentencing court fulfills its responsibility under the Rule 32(c)(3) by simply allowing the defense some opportunity to comment.[6]

Two other circuits have come to this same conclusion regarding the relative burdens on court and defendant as concerns use of the presentence report at sentencing. *United States v. Mays*, 798 F.2d 78, 80 (3d Cir.1986) (holding that the court need not personally address the defendant to determine whether he has read the PSI and discussed it with counsel; "[i]nstead, it appears that the drafters intended that the court need only *somehow* determine that the defendant has had this opportunity."); *United States v. Sambino*, 799 F.2d 16, 17 (2d Cir.1985) ("As the district court noted, the letter and the spirit of Fed.R.Crim.P. 32 requires only that the defendant have 'an opportunity' to read the PSI. It is not necessary for the district court to personally question the defendant as to whether he has read the PSI").

■ In the present case, at the beginning of the sentencing hearing the court asked: "First of all, are there any problems with the presentence report?" Defendant's counsel availed himself of the opportunity to make a short statement on the report. Accordingly, the sentencing court adequately met its initial obligation under Rule 32(c)(3)(A) and (D).

■ So far we have discussed the district court's responsibilities in affording defendants opportunity to comment. Defendants also have certain responsibilities in utilizing the opportunity to bring inaccuracies to the attention of the court.

Rule 32(c)(3)(D) sets out a procedure for a defendant's challenge of the PSI report. The rule itself speaks only of challenges to "factual inaccuracies." The Advisory Com-

4. *See* Fed.R.Crim.P. 32(a)(1)(A).

5. Fed.R.Crim.P. 32(c)(3)(D) reads:
   If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence inves-

tigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

6. This Court does not see that Rule 32 requires a sentencing court to pose specific questions (whether defendant and counsel have read the report, whether they have discussed it, whether there are any mistakes) as the Seventh Circuit determined in *United States v. Rone*, 743 F.2d 1169 (7th Cir.1984). We do note, however, that such precise questioning is useful to assure that the sentencing court complies with the dictates of the rule and to assure that such compliance is clearly evidenced in the record.

mittee Notes, by their language, also indicate that the rule contemplates challenges to a "factual proposition." This means that, while a defendant may challenge statements of fact in the PSI, he cannot properly make Rule 32 objections that go, for example, merely to tone, form, or style of the report or that protest obvious recommendations, opinions, or conclusions that are not fundamentally factual in nature.

■ Having determined that factual inaccuracies must constitute the substance of defendant's objection, we next consider the manner in which allegations of factual inaccuracy must be presented. At least two courts have already remarked that insufficient objections and vague and cryptic comments and complaints about the PSI do not constitute allegations of specific inaccuracies so as to trigger the Rule 32(c)(3)(D) procedures. *United States v. Carmel*, 801 F.2d 997 (7th Cir.1986); *United States v. Petty*, 798 F.2d 1157 (8th Cir.1986) (statement that the PSI characterized defendant through mention of offenses for which he was never convicted or charged did not allege a specific inaccuracy so as to fall within Rule 32(c)(3)(D)); *cert. granted in part on other grounds, judgment vacated and remanded,* —— U.S. ——, 107 S.Ct. 1968, 95 L.Ed.2d 810 (1987). Like the Eighth Circuit, we hold that challenges to the PSI must assert with specificity and clarity each factual mistake of which defendant complains. Only then is the district court obliged to follow the procedures set out by Rule 32(c)(3)(D) as to a finding or determination and as to written documentation concerning the resolution of the dispute. To hold otherwise would oblige the district court to guess whether a challenge is being mounted as well as what defendant wishes to contest; Rule 32 does not place that burden on district judges.

■ In the present case, defendant urges that defense counsel did raise objections as to the factual accuracy of the PSI report at sentencing, objections which went unanswered by the court. Our review of the sentencing hearing convinces us that clear and specific objection was never made and that the matters to which the defense took some exception were not factual matters as required by Rule 32(c)(3)(D).

In answer to the court's invitation to comment on the PSI report, defense counsel stated:

> Other than the fact we disagree with the tone that the presentence report was written, we will proceed with the report as accurate as to reflecting the liabilities and assets of the Defendant and his personal background. We take exception to the Government's or prosecution's version in the PSI; however, we are prepared to proceed at this time.

The district court did not err in interpreting this statement as acceptance of the PSI, as twice within this answer the defense clearly indicated that sentencing could proceed.

Even assuming that defense gave adequate notice to the court that criticisms existed concerning the accuracy of the PSI, a reading of the sentencing proceeding transcript indicates that defense's statements do not fall within the scope of subject matter contemplated by Rule 32(c)(3)(D). There is absolutely no comment as to specific factual propositions. Defense counsel's initial comments stated disagreement with the "tone" of the report and with the government's "version" of events as reported in PSI. Defense counsel later reiterated his disagreement generally with the prosecution's "version" of the offense. Still later counsel characterized the PSI's comment that defendant had "sabotaged" the prosecution of his alleged co-conspirator as "very hard".

Such descriptions are inadequate to constitute objections to "factual inaccuracies" in the PSI so as to trigger the working of Rule 32(c)(3)(D). First, references to "tone" and "version" lack specificity. Second, the terms do not indicate factual discrepancies; actually, their use suggests that the speaker objects to the overall form or viewpoint precisely because there are no grounds for objections to the factual propositions presented by the PSI. While the optimist may decry the tone of the pessimist's description of half-empty water glass-

es, he cannot dispute the accuracy of his counterpart's statement.[7]

Because of defendant's expressed willingness to proceed with sentencing and because of the defense's comments indicating displeasure more than true disagreement with the factual content of the PSI, we find that defendant did not raise objection to factual mistakes of the PSI and that the procedures of Rule 32(c)(3)(D) never came into play.[8] The district court was therefore not obliged to make written findings.

Accordingly, the judgment of the district court is AFFIRMED.

---

**7.** Defendant also points out that a motion filed the day before sentencing asking for a continuance of the sentencing hearing should have alerted the sentencing judge to defendant's challenge of the PSI report. We note that that motion was filed not by the attorney of record, but by an attorney who was at the same time requesting to be substituted as counsel. Because the court did not allow the substitution of counsel, it was not required to consider the contents of a motion for continuance submitted by someone not officially representing defendant. We further note that the motion in question did not itself assert specific factual inaccuracies in the defendant's PSI, but rather requested a continuance so that defense could prove that the PSI conclusions were unduly harsh.

Defendant also asserts that he was prejudiced by the confusion over his representation on the day of sentencing. Defendant had expected that a continuance would be granted and that his proposed new attorney would enter the case officially before sentencing occurred; instead, the same attorney who represented defendant until that point was called back to represent him at sentencing. We note that this attorney had represented defendant in his previous dealings with the U.S. Attorney's Office and was thus familiar with the case; the lawyer had also had the opportunity to review the PSI. When questioned by the court at sentencing as to problems with the PSI, defendant's attorney of record plainly indicated the defense's willingness to proceed. Under these circumstances, defendant cannot claim prejudice or excuse his failure to raise alleged inaccuracies in the PSI properly. *See United States v. Williams*, 618

F.Supp. 1419 (E.D.Va.1985) (confusion at sentencing because defendant chose to change attorneys on the eve of hearing did not excuse defense failure to raise alleged inaccuracies in PSI report, particularly when court, concluding that the defense had not concentrated on the PSI, recessed in order to allow defense the opportunity to review the report); *aff'd mem.*, 785 F.2d 306 (4th Cir.1986).

**8.** While it is true that this case presents an issue of first impression as to the triggering of Rule 32(c)(3)(D), defendant cannot claim that he is surprised by the requirement of specificity concerning exceptions to PSI facts. Specificity of objection is a commonplace of legal procedure. To preserve issues for appeal, specificity is required throughout trial in objections to questions posed by opposing counsel and to admission of evidence, *Wilson v. Attaway*, 757 F.2d 1227, 1242 (11th Cir.1985), in challenges to jury instructions given by the court, *Industrial Development Board v. Fuqua Industries, Inc.*, 523 F.2d 1226, 1237 (5th Cir.1975); *Fan Fare, Inc. v. Fourdel Industries, Ltd.*, 563 F.Supp. 754, 758–59 (M.D.Ala.1983), *aff'd mem.*, 732 F.2d 943 (11th Cir.1984), as well as in objections to court procedure, *United States v. Madruga*, 810 F.2d 1010, 1012–14 (11th Cir.1987). Just as a general objection to a lengthy jury charge is insufficient to preserve a party's claim of error, defendant Aleman's objections to the "tone" of his nine-page, single-spaced PSI and to the government's "version" of the crime to which he pleaded guilty (one and one-half single-spaced pages in the PSI) do not properly bring specific factual inaccuracies to the court's attention.