947 F.2d 945
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Faustino QUINTERO, Defendant-Appellant
v.
UNITED STATES of America, Plaintiff-Appellee
 No. 91-1304.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1991.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-Appellant, Faustino Quintero[1], appeals his conviction on one count of Conspiracy to Distribute in excess of 1,000 pounds of Marihuana (pre-guidelines) in violation of 21 U.S.C. §§ 846, 841, and one count of Income Tax Evasion for the year 1986 in violation of 26 U.S.C. § 7201. Quintero had entered guilty pleas to both counts as part of a plea arrangement. On appeal, Quintero raises three issues; 1) his guilty plea was entered in violation of FED.R.CRIM.P. 32; 2) his sentence was incorrectly calculated; and, 3) the Judgment and Commitment Order was defective. Defendant Quintero's contentions on appeal are not well taken, therefore, we affirm the order of the District Court.
 
 
 2
 * The maximum penalty for the Marihuana Conspiracy charge was 15 years in prison, a fine of $125,000 and a special assessment of $50.00. The maximum penalty on the Income Tax Evasion charge was five years, a fine of $250,000.00 and a special assessment of $50.00.
 
 
 3
 As part of the plea arrangement, the government made a non-binding recommendation to the district court that Quintero's sentence not exceed 7 1/2 years in prison. The government agreed to dismiss the original indictment and not to seek any additional indictments or forfeitures. Defendant agreed to forfeit specified properties.
 
 
 4
 After the district court accepted Quintero's guilty plea, a presentence report was prepared. The prosecution submitted their version of the events for inclusion in the presentence reports. Quintero also filed a sentencing memorandum with the district court which identified several objections.
 
 
 5
 Quintero objected to the Probation officer's comment that he was sheltering assets acquired from the proceeds of his drug related activities. Quintero also objected to any inference that there was any connection between himself and an anonymous threat made on a man known as Cotton Rogers. Finally, Quintero stated that he and the government do not agree on the quantities and types of drugs that were distributed.
 
 
 6
 At the sentencing hearing, Quintero's counsel addressed the district court as follows:
 
 
 7
 MR. DODGE: I would ask the Court with respect thereto--and if I could incorporate by reference our sentencing memorandum which was submitted to the probation office on February 13th, 1991, with the cover letter asking that it be provided to Your Honor along with the early presentence materials at that time as well as the supplement that was filed, hand-delivered to the Court yesterday with a copy to the U.S. Attorney's Office and Probation Office. I believe that rather than reviewing point by point the presentence investigation, if I could incorporate those by reference and ask that they be part of the presentencing information of the Court, we'll save a good deal of time this morning. It would also allow us to move on to what I think are perhaps the most significant considerations from Mr. Quintero's perspective with respect to sentencing.
 
 
 8
 THE COURT: Very well.
 
 
 9
 MR. DODGE: Would that be satisfactory to the Court to proceed that way?
 
 
 10
 THE COURT: Proceed.
 
 
 11
 After defendant's allocution, the court imposed sentence. Defendant Quintero was sentenced to twelve years imprisonment on the marihuana conspiracy and three years imprisonment on the income tax violation. Both sentences to be served consecutively. Defendant was also fined $50,000.00 on each count. The court stated it was not going to follow the government's recommendations because it felt that the sentences would be too lenient under the facts of the case. Quintero filed a timely Notice of Appeal.
 
 II.
 
 12
 Defendant contends that pursuant to FED.R.CRIM.P. 32, the trial court had an obligation to resolve his objections to the presentence investigation. Defendant argues the case must therefore be remanded to the District Court for factual findings and resentencing. This court has previously held:
 
 
 13
 Rule 32(a)(1) requires that the court provide a copy of the Presentence Report (PSR) prior to the sentencing hearing and allow the defendant's counsel to comment on the PSR at the hearing. Rule 32(c)(3)(D) provides that if there is any allegation of a factual inaccuracy, the court must make a written factual finding or a determination that such a finding is not necessary. If a district court fails to make a factual finding, this court must remand for resentencing. United States v. Manni, 810 F.2d 80, 83 (6th Cir.1987).
 
 
 14
 U.S. v. Edgecomb, 910 F.2d 1309, 1313 (6th Cir.1990).
 
 
 15
 "However, a defendant seeking to rely on Rule 32(c)(3)(D) must have brought alleged factual inaccuracies clearly to the attention of the judge during the sentencing hearing." U.S. v. Fry, 831 F.2d 664, 667 (6th Cir.1987). The Eleventh Circuit has addressed a similar issue holding:
 
 
 16
 At least two courts have already remarked that insufficient objections and vague cryptic comments and complaints about the PSI do not constitute allegations of specific inaccuracies so as to trigger the Rule 32(c)(3)(D) procedures. United States v. Carmel, 801 F.2d 997 (7th Cir.1986); United States v. Petty, 798 F.2d 1157 (8th Cir.1986) (statement that the PSI characterized defendant through mention of offenses for which he was never convicted or charged did not allege a specific inaccuracy so as to fall within Rule 32(c)(3)(D)); cert. granted in part on other grounds, judgment vacated and remanded, U.S. [1034], 107 S.Ct. 1968, 95 L.Ed.2d 810 (1987). Like the Eighth Circuit, we hold that challenges to the PSI must assert with specificity and clarity each factual mistake of which defendant claims. Only then is the district court obliged to follow the procedures set out by Rule 32(c)(3)(D) as to a finding or determination and as to written documentation concerning the resolution of the dispute. To hold otherwise would oblige the district court to guess whether a challenge is being mounted as well as what the defendant wishes to contest; Rule 32 does not place that burden on district judges.
 
 
 17
 U.S. v. Aleman, 832 F.2d 142 (11th Cir.1987).
 
 
 18
 In the case at bar, defendant informed the trial court that he had raised objections to the presentence reports in his brief. He did not, however, identify the nature of his objections to the court with the required specificity and clarity. It would be improvident for this court to allow defendant the flexibility to present whatever issues he chooses to present at oral hearing with the "understanding" that the court would, in reading the briefs, be able to both identify and understand all objections. Such an interpretation of Rule 32 would open a Pandora's Box of potential objections allegedly preserved for appeal. If a defendant has objections, the rule clearly requires the sentencing court to respond to these objections. However, to require a court to sift through the briefs and identify all objections would place too great a burden on the sentencing judge. Almost the entire sentencing brief of the defendant could later be construed as an objection. It must remain incumbent on defendants and their counsel to identify their objections to the sentencing court.
 
 
 19
 For example, Quintero complains the district court never resolved his objection concerning the types and quantities of drugs involved. However, although defendant stated in his sentencing memorandum that he disagreed with the government's version of the facts, he informed the court that he was not going to argue the issue at the sentencing hearing. In addition, Quintero stated in his sentencing memorandum that the disagreement would hopefully be resolved between the defendant and the government. Based upon his actions, it would not be prudent to allow a defendant to mislead the court into believing a disagreement does not need to be resolved and then complain that the judge did not guess correctly as to the defendant's wishes that the objection be resolved.
 
 
 20
 Defendant also complains about comments made by the probation officer which were included in the presentence report. These comments include: (1) the anonymous threats made against Cotton Rogers; and, (2) that defendant may attempt or has attempted to shield assets from the government. It is important to note the comments of the probation officer are clearly identified as opinions and not factual statements. The probation officer admitted there was no known link between defendant and the threat against Cotton Rogers. "[W]hile a defendant may challenge statements of fact in the PSI, he cannot properly make Rule 32 objections that go, for example, merely to tone, form, or style of the report or that protest obvious recommendations, opinions, or conclusions that are not fundamentally factual in nature." Aleman, 832 F.2d at 145. Therefore, the district court was under no obligation to respond to defendants complaints concerning the opinions and conclusions of the probation officer.
 
 III.
 
 21
 Quintero argues the trial judge incorrectly determined when he would be eligible for parole should the government's recommended sentence be implemented. Hence, because the trial judge "incorrectly" felt defendant may be released from prison earlier than he felt appropriate, the Judge imposed a much harsher sentence than recommended. This court has previously addressed a similar issue holding:
 
 
 22
 In United States v. Addonizio, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), the Supreme Court held that post-sentencing changes in the guidelines of the Parole Commission, resulting in a longer mandatory minimum term of imprisonment than intended by the trial judge in imposing sentence, did not provide a basis for collateral attack on the sentence .... The Court concluded that "there is no basis for enlarging the grounds for collateral attack to include claims based not only on any objectively ascertainable error but on the frustration of the subjective intent of the sentencing judge," 442 U.S. at 187, 99 S.Ct. at 2241, reasoning that a sentence imposed on reliance on assumptions concerning parole that are frustrated by subsequent actions of the Parole Commission, is not based upon " 'misinformation of a constitutional magnitude,' " 442 U.S. at 187 [citations omitted]; and that "the judge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term." 442 U.S. at 190, 99 S.Ct. at 2243.
 
 
 23
 United States v. Taylor, 6768 F.2d 114, 119 (6th Cir.1985).
 
 
 24
 In this case, the district judge stated during sentencing he was not going to follow the government's recommendations as to sentencing because he felt defendant needed to spend more time in prison to reflect upon his crimes in addition to the serious nature of the crimes. The subjective intent of the judge was clearly to make sure defendant served a sufficient amount of time and did not get a more lenient sentence via parole. A miscalculation of the minimum sentence required for eligibility of parole does not invalidate the sentence since the judge has no enforceable expectations about the release date. Since the sentence handed down was within the statutory limits it cannot be said the district court erred.
 
 IV.
 
 25
 Defendant Quintero contends the district court erred because the sentence given from the bench conflicted with the order which was journalized. Defendant Quintero argues therefore the case must be remanded so the Judgment and Commitment Order conforms to the oral sentence. At the sentencing hearing, the district court judge stated:
 
 
 26
 As to a fine, this Court will do the following. The fine in this matter will be $100,000.00 with this proviso. This fine will be waived if in fact the assets that are forfeited to the Internal Revenue Service are sufficient to satisfy the Internal Revenue Service as to any outstanding liens they may have on properties. Let me interpret that. If the Internal Revenue Service is satisfied that there are no further assets to which they have an interest and they basically sign off on any remaining assets of Mr. Quintero's, then in fact this fine is waived. If there are assets to which they have not signed off that are yet to be developed, then the fine remains intact in this matter.
 
 
 27
 Defendant then filed a motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure for a clarification of this order. The district judge responded by issuing an amended order which provides in relevant part:
 
 
 28
 The $50,000 fine as to Count 1 and the $50,000 fine as to Count 2 will be waived if the assets forfeited to the Internal Revenue Service are sufficient to terminate their interest in defendant's assets.
 
 
 29
 Defendant Quintero has not stated in his brief why the amended court order is inaccurate. Upon closer scrutiny, it would appear the amended entry satisfies the court's oral pronouncement from the bench. If, however, Quintero was still not satisfied with the entry, his proper mechanism would have been through another Rule 36 motion and not through the appellate process.
 
 V.
 
 30
 Accordingly, the judgment of the District Court is hereby affirmed.
 
 
 
 [1]
 Defendant was indicted with two co-defendants, John Freeman and Olga Morgan, however, neither of them are a party to this appeal