993 F.2d 1541
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Arnold YOUNG, Defendant-Appellant.
 No. 93-6129.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 12, 1993
Decided: June 8, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. Elizabeth V. Hallanan, District Judge. (CR-88-112-1, CA-90-481-1)
 Larry Arnold Young, Appellant Pro Se.
 Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before HALL, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Larry Arnold Young appeals from the district court's order refusing relief under 28 U.S.C. § 2255 (1988). Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.* United States v. Young, Nos. CR-88-112-1, CA-90-481-1 (S.D.W. Va. Jan. 19, 1993). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We also affirm the district court's implicit rejection of Young's claim that the court erred by failing to conduct an evidentiary hearing and make factual determinations, pursuant to Fed. R. Crim. P. 32(c)(3)(D), based on Young's general disagreement with the facts set forth in his presentence investigation report. "[I]nsufficient objections and vague and cryptic comments and complaints about the PSI do not constitute allegations of specific inaccuracies so as to trigger the Rule 32(c)(3)(D) procedures." United States v. Aleman, 832 F.2d 142, 145 (11th Cir. 1987). Given Young's refusal of the opportunity to elaborate upon and clarify his general disagreements, we find that the district court's failure to conduct an evidentiary hearing was not an abuse of discretion. United States v. Monaco, 852 F.2d 1143 (9th Cir. 1988), cert. denied, 488 U.S. 1040 (1989)