998 F.2d 1019
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Robert Eugene JACKSON, Appellant.
 No. 93-1533.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 1, 1993.
Filed: July 12, 1993.
 
 Appeal from the United States District Court for the Western District of Missouri.
 W.D.Mo.
 AFFIRMED.
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert Eugene Jackson appeals the district court's order denying Jackson's motion to correct an illegal sentence. We affirm.
 
 
 2
 A jury convicted Jackson of eight counts of conspiracy to possess unregistered firearms and interstate transportation of firearms. Because the offenses occurred in March and April 1987, the Sentencing Reform Act of 1984 did not apply. At sentencing, Jackson objected to the presentence report (PSR), claiming statements of two informants in the government's version of the offenses were false. Jackson, however, declined to offer his own version in the PSR. Without addressing Jackson's objection, the district court sentenced Jackson to an aggregate twenty-year prison term.
 
 
 3
 Jackson moved to correct an illegal sentence under Federal Rule of Criminal Procedure 35(a) and to expunge material in the PSR. Jackson contended the district court's failure to address Jackson's objections to the PSR and to state whether the court was relying on the challenged statements violated Federal Rule of Criminal Procedure 32(c)(3)(D). Stating it did not rely on the government's version in sentencing, the district court denied the motion and denied Jackson's motion for reconsideration.
 
 
 4
 To trigger the fact-finding requirements of Rule 32(c)(3)(D), Jackson must assert "factual inaccurac[ies] in the presentence investigation report or the summary of the report." Although Jackson objected to the informants' statements as false, Jackson acknowledged the statements were part of the government's version and concedes on appeal that the government's version is not a factual assertion that triggers the application of Rule 32. See United States v. Aleman, 832 F.2d 142, 145 (11th Cir. 1987) (disagreement with government's viewpoint does not raise factual inaccuracies).
 
 
 5
 Even if Jackson's objection to the PSR was factual in nature, we conclude Jackson's general disagreement with the informants' statements was not specific enough to trigger the district court's fact-finding obligation under Rule 32(c)(3)(D). See United States v. Petty, 798 F.2d 1157, 1162 (8th Cir. 1986), vacated on other grounds, 481 U.S. 1034 (1987). Further, Jackson failed to offer any evidence to show the disputed statements were false, denying the district court the means with which to resolve Jackson's objection. See United States v. Kimball, 975 F.2d 563, 567 (9th Cir. 1992), cert. denied, 113 S. Ct. 1276 (1993). We thus conclude the district court properly denied Jackson's motion to correct his sentence.
 
 
 6
 Accordingly, we affirm.