[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14852
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:09-cr-00076-CAR-CWH-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

KENNETH GREGORY THOMPSON,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 15, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Kenneth Gregory Thompson pleaded guilty to being a felon in possession of

a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e), and was sentenced to

188 months' imprisonment and 5 years' supervised release. Thompson appeals

from his sentence and argues that it was procedurally and substantively

unreasonable. Because we conclude that Thompson's sentence was both

procedurally and substantively reasonable, we affirm.

We review a sentence for procedural and substantive reasonableness under

an abuse of discretion standard. *United States v. Wetherald*, 636 F.3d 1315, 1320

(11th Cir. 2011). We first look to whether the district court committed any

significant procedural error. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th

Cir. 2008). We then examine the substantive reasonableness of the sentence. *Id.*

Thompson argues that his sentence is procedurally unreasonable because the

district court failed to ask him and his counsel whether they had read and

discussed the presentence investigation report (PSI). But because Thompson did

not object to the district court's failure to directly ask whether he and his counsel

had read and discussed the PSI, we review this issue for plain error. *United States

v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000). To prevail, Thompson must

establish (1) that there was error; (2) that it was plain; and (3) that it affected his

substantial rights. *Id.*

At sentencing, the district court is required to "verify that the defendant and

the defendant's attorney have read and discussed the presentence report and any

addendum to the report." Fed. R. Crim. P. 32(i)(1)(A). Although the district court did not explicitly ask Thompson or his counsel whether they had read and discussed the PSI, Thompson's counsel discussed her objections to the PSI with the district judge and Thompson wrote the judge a letter in which he referred to the PSI. Under our caselaw interpreting an earlier version of Rule 32, that probably would have been enough to satisfy compliance with the rule. *See United States v. Aleman*, 832 F.2d 142, 144 (11th Cir. 1987). Since *Aleman* was decided, however, Rule 32 has changed. But we need not decide whether the district court complied with the new rule because Thompson has failed to demonstrate any prejudice from the alleged error.

Thompson claims that he was prejudiced because unobjected-to statements in the PSI are admissions for sentencing purposes. But, tellingly, Thompson did object to statements in the PSI, and his objections were considered by the district court. He has not identified any other objections he would have made, much less how those unmade objections would have affected his sentence, had the district court asked him whether he and his counsel had read and discussed the PSI. Accordingly, we conclude that Thompson failed to establish prejudice.

Thompson next argues that the district court committed procedural error by not adequately explaining its sentencing rationale. 18 U.S.C. § 3553(c); *see also*

*Gall v. United States*, 552 U.S. 38, 51 (2007). The Supreme Court has said that when the judge decides to apply the guidelines in a particular case, a lengthy explanation is not always required. *Rita v. United States*, 551 U.S. 338, 356 (2007). The Court went on to say that "Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence . . . ." *Id.* at 357. This is such a case. Here the district court considered the guidelines and imposed a sentence at the bottom end of the range. The judge said he thought that the sentence was appropriate and that it complied with the factors set forth in 18 U.S.C. § 3553(a). Under our caselaw this explanation was sufficient.

Next Thompson argues that it is unclear whether the district court considered the § 3553(a) factors before imposing sentence. But the district court's statement that the sentence "complied with the factors that are to be considered as set forth in 18 U.S.C. § 3553(a)," shows that it did. It is also clear that the district court treated the guidelines as advisory. Throughout the sentencing hearing the district court referred to the sentencing guidelines as "advisory" and specifically mentioned that it was not "bound to apply the sentencing guidelines." Accordingly, we conclude that Thompson's sentence is procedurally reasonable.

We now turn to Thompson's arguments about the substantive reasonableness of his sentence. Whether a sentence is substantively reasonable is essentially a question whether the district court abused its discretion. *Pugh*, 515 F.3d at 1179. Although we do not presume that a sentence, like this one, that is within the properly calculated guidelines range is reasonable, we ordinarily expect that is the case. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). But even if a sentence is within the guidelines, it must also, considering the totality of the circumstances, achieve the purposes of 18 U.S.C. § 3553(a).[1] *Gall v. United States*, 552 U.S. 38, 51 (2007); *Pugh*, 515 F.3d at 1191. The party challenging a sentence bears the burden of establishing its unreasonableness. *Pugh*, 515 F.3d at 1189.

Thompson contends that his sentence is substantively unreasonable because it fails to account for the circumstances of the offense, his employment history,

---

[1] The purposes of § 3553(a) are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

18 U.S.C. § 3553(a).

and the possibility that he will not receive credit for time served in state custody before his case was federalized. Thompson's argument boils down to a contention that the judge did not adequately consider the § 3553(a) factors. *Pugh*, 515 F.3d at 1191–92 (noting that a sentence can be substantively unreasonable if the district court fails to consider the "pertinent 3553(a) factors"). When Thompson presented his mitigating evidence, the judge considered his arguments, but rejected them because he felt Thompson's conduct sounded like "something out of a Western" and noted that Thompson could have made a different decision. Even though the district judge did not explicitly mention Thompson's employment history, he did say that the sentence complied with the § 3553(a) factors, which necessarily include Thompson's "history and characteristics." *See United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) ("[A]lthough the district court's sentencing order made no mention of evidence that arguably mitigated in Amedeo's favor under § 3553(a), we cannot say that the court's failure to discuss this 'mitigating' evidence means that the court erroneously 'ignored' or failed to consider this evidence in determining Amedeo's sentence."). Thus we conclude that the district court adequately considered the relevant § 3553(a) factors.

As for Thompson's remaining argument, the district court explained that it would not vary downward based on Thompson's time in state custody because it

believed that only the Bureau of Prisons had the authority to calculate credit for time served, and it would be inappropriate for the court to vary downward to ensure Thompson received such credit. The district court also thought it seemed likely that Thompson would be credited for the time he spent in state custody. *See Rita v. United States*, 551 U.S. at 357. We conclude that the district court was within its discretion when it refused to vary downward to ensure Thompson would receive credit for time served. Accordingly, we also conclude that Thompson's sentence is substantively reasonable.

**AFFIRMED.**