[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13936
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20583-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH AKINS OWANIKIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 26, 2019)

Before WILSON, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

Joseph Owanikin appeals a sentence of 48-months imprisonment and three years of supervised release imposed after he pleaded guilty to one count of filing a fraudulent tax return with the Internal Revenue Service, in violation of 18 U.S.C. § 287.  Owanikin argues that the district court clearly erred in calculating his sentence.  In particular, he maintains that despite his having clearly challenged the loss amount and the number of victims detailed in his sentencing report, and despite the government presenting no evidence in response—much less the preponderance of "reliable and specific evidence" it is required to provide, *United States v. Rodriguez*, 732 F.3d 1299, 1305 (11th Cir. 2013)—the court accepted these issues as proven for purposes of enhancing Owanikin's sentence.  "It is the district court's duty to ensure that the Government carries [its] burden by presenting reliable and specific evidence."  *United States v. Lawrence*, 47 F.3d 1559, 1566 (11th Cir. 1995).  We conclude that the district court failed to fulfill that duty here.

We review the district court's calculation of the loss amount and the number of victims for clear error.  *United States v. Ford*, 784 F.3d 1386, 1396 (11th Cir. 2015) (loss amount); *Rodriguez*, 732 F.3d at 1305 (number of victims).  "Although review for clear error is deferential, a finding of fact must be supported by substantial evidence."  *United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007).  Here, Owanikin specifically challenged the loss amount of $585,000 and

2

number of victims indicated in his PSI, orally and in writing. *See United States v. Aleman*, 832 F.2d 142, 145 (11th Cir. 1987). But instead of holding the government to its resulting evidentiary burden, the district court relied on the government's assertions and enhanced Owanikin's sentence accordingly. This amounts to clear error. *Rodriguez*, 732 F.3d at 1305; *Robertson*, 493 F.3d at 1330. Specifically, the district court erred by relying solely on the government's arguments at the sentencing hearing—rather than evidence—to resolve disputed facts. Indeed, there was no evidence or stipulation as to the loss amount submitted either with the factual proffer, at the change of plea hearing, prior to sentencing, or at the sentencing hearing itself.

Were Owanikin still in prison, that might be the end of the matter. But Owanikin was released from custody on December 13, 2018. *See* https://www.bop.gov/inmateloc/ (last visited April 2, 2019). He is currently completing his period of supervised release. This raises a "fundamental [jurisdictional] question": Have events since the filing of Owanikin's appeal— namely, the completion of his sentence and release from prison—deprived this Court of the ability to grant Owanikin "meaningful relief"? *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (internal quotations and citations omitted). In simpler terms, is this case moot?

3

The Supreme Court has repeatedly recognized that the possibility that a criminal defendant will suffer "collateral legal consequences," even from a sentence already served, precludes a finding of mootness. *See, e.g.*, *Minnesota v. Dickerson*, 508 U.S. 366, 371 n.2 (1993); *Jago v. Van Curen*, 454 U.S. 14, 21 n.3, (1981); *North Carolina v. Rice*, 404 U.S. 244, 247 & n.2 (1971). This Court has done the same. *See, e.g.*, *Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995) ("[T]he government contends that this appeal is moot. We disagree. Dawson is still serving his term of supervised release, which is part of his sentence and involves some restrictions upon his liberty.").

It nonetheless remains Owanikin's burden to indicate "some ongoing collateral consequenc[e] that is traceable to the challenged portion of the sentence and likely to be redressed by a favorable judicial decision." *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (internal quotations and citations omitted); *Spencer v. Kemna*, 523 U.S. 1, 8–14 (1998) (refusing to presume collateral consequences from parole). Owanikin has met that burden here. Owanikin cannot leave the Southern District of Florida without permission; he is subject to unannounced visits; he must obtain permission to change his residence; and he cannot incur debt. As Owanikin summarizes, he "generally must do whatever the probation officer instructs." Owanikin Supplemental Brief at 5. Such restrictions on Owanikin's liberty amount to an ongoing collateral

consequence traceable to the district court's decision.  *See Jago*, 454 U.S. at 21 n.3 (finding the case to not be moot despite respondent's release from prison because "respondent must receive written permission before changing his residence, changing his job, or traveling out of state, must report to local law enforcement authorities at any out-of-state destination to which he travels, must not maintain a checking account, must report monthly to his parole officer, and may be imprisoned upon violation of the conditions of his parole").

The government disagrees, arguing that even if Owanikin is suffering collateral consequences, they are not "likely to be redressed by a favorable judicial decision."  Reviewing the record below, the government finds no evidence to support the view that, had the district court imposed a shorter sentence of imprisonment, it would have also imposed a shorter term of supervised release. The clear error already indicated persuades us that the district court should have another look.  Confronted with its prior error, a "favorable . . . decision" for Owanikin may—or may not—follow.[1]

---

[1] We do not prejudge the issue.  We recognize that regardless of the length of his prison sentence, the applicable supervised-release term would have been between one and three years if the district court chose to impose one because Owanikin committed a Class D felony.  *See* U.S.S.G. § 5D1.2(a)(2) (stating when "a term of supervised release is ordered, the length of the term shall be … [a]t least one year but not more than three years for a defendant convicted of a Class C or D felony").  Nothing in this opinion constrains the district court's determination of supervised release on remand.

Accordingly, we **REMAND** for the district court to review Owanikin's conviction and sentence in order to determine whether Owanikin is entitled to a shorter period of supervised release.