[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10469
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cr-00019-HLM-WEJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus


JERMAINE COURTNEY BROWN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 11, 2020)

Before WILSON, BRANCH, and HULL, Circuit Judges.

PER CURIAM:

Jermaine Brown appeals his 37-month within-guidelines sentence, imposed after he pleaded guilty to possession of a firearm as a convicted felon. Brown contends that his sentence is procedurally unreasonable because the district court considered contested factual allegations that Brown was a member of the Gangster Disciples ("GD") street gang. Because Brown did not clearly contest the undisputed portion of the Presentence Investigation Report ("PSI") alleging his involvement with GD, and because photographs found on Brown's phone supported the district court's findings, the district court did not abuse its discretion. Accordingly, we affirm.

## I.    BACKGROUND

On January 30, 2018, after a short foot chase, two police officers from the Cedartown, Georgia Police Department arrested Brown on an active warrant. During the arrest, the officers recovered a loaded .45 caliber semi-automatic handgun, approximately 26.9 grams of marijuana, and a digital scale with marijuana residue from Brown's pants. The officers also recovered Brown's cellular phone, which he had discarded during the chase.

Federal Bureau of Investigation ("FBI") agents who, based on Brown's past contacts with law enforcement, believed that he was affiliated with the GD street gang, obtained a warrant and searched his phone. They found a photograph of

2

Brown holding a firearm and several photographs of him "wearing clothing and jewelry consistent with what is typically worn by members of the [GD] street gang."

Thereafter, Brown was charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1)[1] and 924(a)(2).[2]  In September 2018, Brown pleaded guilty to this charge.

After his guilty plea, and prior to sentencing, a United States probation office prepared a PSI.  Pursuant to U.S.S.G. § 2K2.1(a)(6)(A), the probation officer assigned a base offense level of 14 for Brown's violation of 18 U.S.C. § 922(g). The probation officer increased Brown's offense level by four points for possessing a firearm in connection with another felony offense, pursuant to U.S.S.G. § 2K2.1(b)(6)(B).  The probation officer then decreased Brown's offense level by 3 points for acceptance of responsibility, pursuant to U.S.S.G. §§ 3E1.1(a) and (b), arriving at a total offense level of 15.  With a total offense level of 15 and a criminal history category of IV, Brown's guideline imprisonment range was 30 to

---

[1] "It shall be unlawful for any person— (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce"  18 U.S.C. § 922(g)(1).

[2] "Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2).

37 months.  Additionally, the PSI indicated that the search of Brown's phone "revealed a photograph of [Brown] holding a firearm and several photos of [him] wearing clothing and jewelry consistent with what is typically worn by members of the [GD] street gang."

Brown only objected to the four-level increase in his offense level. He argued that he was in possession of less than an ounce of marijuana, which is a misdemeanor in Georgia, and, therefore, he did not possess a firearm in connection with another felony offense.  Alternatively, he argued that a downward variance was appropriate because his offense level overstated the seriousness of the offense. Notably, he did not object to paragraph 11 of the PSI: the contention that he was a member of the GD street gang and that he was the individual in the photographs.

The government submitted a sentencing memorandum recommending a sentence of 37 months regardless of whether the district court sustained Brown's objection; it also recommended against a downward variance.  The government noted in the memorandum that it did "not intend to call any witnesses at the sentencing hearing unless [Brown] disputes any of the facts contained herein." The government contended that the four-level increase in Brown's offense level was appropriate because the loaded handgun, digital scale, and evidence that he was a GD member indicated that Brown possessed the marijuana with intent to distribute.  The government also argued that, due in large part to Brown's GD

membership, the 18 U.S.C. § 3553(a) factors supported a sentence at the high end of the guidelines range to promote respect for the law, deter criminal conduct, and protect the public.  As part of the sentencing memorandum, the government submitted various photographs retrieved from Brown's phone, which they stated supported Brown's membership in the GD street gang.  Brown did not object to the sentencing memorandum.

At sentencing, the district court stated that it had reviewed the plea colloquy; indictment; guilty plea; PSI; objections, comments, and addendum to the PSI; and the government's sentencing memorandum.  It adopted "all of the findings of fact and conclusions contained in the [PSI][,]" except as to the unresolved guidelines issues, and invited the parties to argue the four-point increase in Brown's offense level for possession of a firearm in connection with a felony offense.  While arguing that the four-level increase was not appropriate because Brown possessed less than one ounce of marijuana for his own personal use, Brown's counsel stated, in relevant part, "we don't concede he's a member of a gang."  After hearing arguments on the issue, the district court found that the four-point enhancement was appropriate.

The government then argued for a sentence at the high end of the guideline range based on the circumstances surrounding Brown's offense and his criminal history, including the failure of his past sentences to rehabilitate him.  Lastly, the

5

government argued that Brown's involvement in the GD street gang warranted a high-end sentence. In relevant part, it stated that

> [I]t's the government's position and it's our allegation that the defendant is a member of this gang and I expect and anticipate that he would say he's not, but I think the photographs are quite clear with regard to his membership . . . [I]f [Brown's GD membership] is in dispute in any way, again, as I mentioned before, the police officers are here who have encountered not only this defendant on numerous occasions and know him to be a member of this gang, but the police officers also know quite a number of his fellow gang members who are depicted in the photograph – the different photographs that were found on his cell phone and that were submitted to this [c]ourt with the sentencing memoranda and some of them have been verified as gang members.

Brown then argued that the government had overstated the seriousness of his offense, and his criminal history was not that of "somebody who is some kind of major gang player, somebody who is out running around terrorizing communities or dealing drugs or doing the kind of things that stereotypical gang members do." Thus, he argued that the government was trying to "tar him with some kind of guilt by association that . . . the [GD] are there, he might know somebody or he might be associated with some of these people and, as a result, he's doing their activity and his record just does not reflect that." He then requested a 30-month sentence.

Brown declined to make a statement to the court. The district court then sentenced Brown to a term of 37 months' imprisonment—at the high end of the advisory guideline range—followed by 3 years of supervised release. The district court then explained that it imposed a sentence at the high end of the applicable

6

guideline range for "several reasons," including because Brown's criminal history

was "serious," and

> [m]ost importantly is the fact that it's undisputed by looking at the
> photographs that were contained in his cell phone that he is a member
> of the gang—an active member of that gang, gladly participating in it,
> showing himself with pictures of some of his fellow gang members
> and clearly showing his love of weapons and his love of membership
> in that gang by his wearing the appropriate paraphernalia showing and
> exposing his membership.

The district court then asked the parties to state any objections for the record.

Brown objected, arguing, in relevant part, that the sentence was both procedurally

and substantively unreasonable and that the finding the district court made related

to Brown's membership in GD was not supported by the record. Brown timely

appealed contending that his sentence is procedurally unreasonable.[3]

## II.    STANDARD OF REVIEW

We review the reasonableness of a sentence under a deferential abuse of

discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v.*

*Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010) (en banc); *United States v. Gonzales*,

550 F.3d 1319, 1323–1324 (11th Cir. 2008).  The district court abuses its

discretion, and commits a significant procedural error, by selecting a sentence

based on clearly erroneous facts or following improper procedures.  *Gall*, 552 U.S.

at 51.  A factual finding is clearly erroneous when a review of all the evidence

---

[3] We note that Brown did not appeal whether his sentence is substantively reasonable.

leaves us "with the definite and firm conviction that a mistake has been committed." *United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013) (quotation omitted). Although this standard is deferential, "a finding of fact must be supported by substantial evidence." *United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007).

## III.    DISCUSSION

On appeal, Brown argues that his sentence is procedurally unreasonable because the district court erred in relying solely on "factual assertions of the AUSA [regarding Brown's affiliation with GD] and then based its sentencing decisions on those factual findings." In response, the government argues that the district court did not rely solely on factual assertions by the AUSA at the sentencing hearing, but rather on uncontested factual allegations in the PSI contained in paragraph 11. Brown replies that even if he had failed to timely object to PSI paragraph 11, under Federal Rule of Criminal Procedure 32(i)(1)(D)[4] his statements at the sentencing hearing were sufficient to make his membership in GD a contested factual issue and the district court procedurally erred by relying on that allegation without ruling on the objection or requiring the government to prove the disputed fact.

---

[4] A district court "may, for good cause, allow a party to make a new objection at any time before sentence is imposed." Fed. R. Crim. P. 32(i)(1)(D).

If no party objects to allegations of fact contained in a PSI, the fact is admitted for sentencing purposes. *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006). Furthermore, objections to facts in the PSI "must be asserted with specificity and clarity . . . [o]therwise, the objection is waived." *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006). Vague assertions of inaccuracies are not enough to raise a factual dispute. *United States v. Ramirez-Flores*, 743 F.3d 816, 824 (11th Cir. 2014). "This requirement is not gratuitous; rather, it ensures that the government has an opportunity to address or correct the alleged error" *Id*. If a defendant fails to object properly, the burden does not shift to the government to prove the disputed facts by a preponderance of the evidence. *Bennett*, 472 F.3d at 832 ("A sentencing court's findings of fact may be based on undisputed statements in the PSI. Where a defendant objects to the factual basis of his sentence, the government has the burden of establishing the disputed fact. ... Otherwise, the objection is waived.").

Here, Brown clearly and specifically objected to the four four-level increase in his offense level and argued that a downward variance was appropriate. But he failed to object to the factual assertion in the PSI that he was a member of GD and was the person portrayed in several gang-style photographs. Accordingly, under this Court's rulings, those facts were admitted for sentencing purposes. *See Wade*, 458 F.3d at 1277.

9

Nonetheless, the district court "may, for good cause, allow a party to make a new objection at any time before sentence is imposed." Fed. R. Crim. P. 32(i)(1)(D). Thus, we look to see if Brown, during the sentencing hearing, made clear and specific objections sufficient to shift the burden to the government to prove the assertion that he was a member of GD and that he was the person portrayed in several gang-style photographs. Brown asserts that he made three such objections.

First, Brown points to his statement that he did not "concede he's a member of a gang . . ." But that general statement did not put the fact of his alleged membership in the GD street gang in dispute because it was not a clear or specific assertion of an objection to that specific factual allegation. Rather, Brown made this statement in response to the government's assertion that Brown possessed the firearm in relation to a felony offense—namely, possession of marijuana with intent to distribute. To be clear, although the government may have referred to Brown's membership in the GD street gang when arguing that the four-level sentencing enhancement was appropriate, the assessment of the four-level enhancement was a separate and distinct issue from whether Brown was in the GD street gang. Furthermore, throughout the hearing, the government and the district court indicated that they believed Brown was not challenging the assertion that he was a gang member. Brown also remained silent at the sentencing hearing when

10

the government informed the court that it could present evidence, including several witnesses, regarding Brown's gang membership if he disputed it.[5]  Nor did Brown respond when the government initially represented its willingness in its sentencing memorandum to call witnesses at the hearing if Brown disputed any facts.  Thus, even if Brown intended to object to the factual finding concerning his gang membership, he did not communicate that intent sufficient to alert either the district court, or the government, thereby depriving the government of the opportunity to correct the alleged error before the sentence was imposed.  *Ramirez-Flores*, 743 F.3d at 824.  "To hold otherwise would oblige the district court to guess whether a challenge is being mounted as well as what defendant wishes to contest."  *See United States v. Aleman*, 832 F.2d 142, 145 (11th Cir. 1987).

Second, Brown argues he contested the gang membership allegation by stating that his criminal history was not that of "somebody who is some kind of major gang player, somebody who is out running around terrorizing communities or dealing drugs or doing the kind of things that stereotypical gang members do."  That statement does not rise to a clear and specific objection.  From a plain

---

[5] "But if that is in dispute in any way, again, as I mentioned before, the police officers are here who have encountered not only this defendant on numerous occasions and know him to be a member of this gang, but the police officers also know quite a number of his fellow gang members who are depicted in the photograph[s]. . ."

11

reading, Brown argued that he was not a "*major* gang player," not that he is not a gang member at all.

Third, Brown argues he contested the allegation when he stated "that the finding the Court made related to gang membership and participation, despite the photos, was not supported by the record." That objection was done *after* the sentence had been imposed.

Moreover, Brown never challenged the ownership of the cellular phone, the photographs found on the phone, or the PSI's factual assertions that the clothing and jewelry he was wearing in the photographs were consistent with that typically worn by GD members. Because these facts were admitted for sentencing purposes, *see Wade*, 458 F.3d at 1277, the district court properly relied rely on them in determining that Brown was affiliated with GD, *see* 18 U.S.C. § 3661.[6]

Considering the above, the district court's finding that Brown was a GD member was not clearly erroneous, because photographs recovered from Brown's phone and an undisputed portion of the PSI supported the finding. *Robertson*, 493 F.3d at 1330. The district court, then, did not abuse its discretion when it relied on this finding of fact in determining Brown's sentence. 18 U.S.C. § 3661.

---

[6] "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

Accordingly, we conclude that Brown's sentence was not procedurally unreasonable, and we affirm.

**AFFIRMED.**