Oscar **ANDIARENA,**
**Petitioner-Appellant,**

v.

**Thomas F. KEOHANE, Jr., Warden,**
**Federal Correctional Institute,**
**Respondent-Appellee.**

**No. 81–6136**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 15, 1982.

Rehearing Denied Dec. 30, 1982.

---

Robert F. Eimers, Miami, Fla., for petitioner-appellant.

Atlee W. Wampler, III, U. S. Atty., Leonard A. Sands, John M. Owens, Sp. Attys., U. S. Dept. of Justice, Miami, Fla., for respondent-appellee.

Before TJOFLAT, JOHNSON and HATCHETT, Circuit Judges.

**PER CURIAM:**

On November 30, 1977, an agent of the Bureau of Alcohol, Tobacco, and Firearms and a paid informant met with petitioner Oscar Andiarena to discuss the purchase of stolen firearms. Three days later Andiarena and Lazaro Fernandez sold the agent four .32 caliber pistols. On the day of the sale, the parties involved in the transaction also discussed the possibility of a cocaine sale at some future time. After a five day period during which further gun sales were discussed and completed, the agent and the informant received a sample of cocaine at petitioner's home. The next day, December 7, petitioner and two individuals named Betsy Schore and Jose Hernandez were arrested while in the process of selling cocaine to the agent and the informant.

 Andiarena was indicted in eleven substantive counts and one conspiracy count for violating the Federal Firearms Act.[1] In April 1978, he was tried and convicted in the United States District Court for the Southern District of Florida for the substantive counts; he was acquitted of the conspiracy count. The convictions were affirmed on appeal. *United States v. Andiarena*, 591 F.2d 101 (5th Cir. 1979). Thereafter Andiarena was separately indicted, along with Schore and Jose Hernandez, in six substantive counts and one conspiracy count for violations of federal law involving possession and distribution of cocaine.

---

1. The indictment named three persons: Oscar Andiarena, Jose Andiarena, and Lazaro Fernandez. All three were charged with: receiving, concealing, storing, selling, and disposing of four stolen .32 caliber pistols on December 2, 1977 (Count I); possession of the pistols without registration (Count II); and transferring four silencers for the pistols without registration (Count III). In addition, Oscar Andiarena was charged with: receiving, concealing, storing, selling, and disposing of two stolen .32 caliber pistols on December 5, 1977 (Count IV); possession of silencers for these pistols without registration (Count V); transferring the silenc-ers without registration (Count VI); possession of two unregistered machine guns on December 7, 1977 (Count VII); transferring the two machine guns (Count VIII); receiving, concealing, storing, selling and disposing of one stolen .32 caliber pistol on December 7, 1977 (Count IX); possession of the silencer for this pistol without registration (Count X); and transferring the silencer without registration (Count XI). Count XII charged all three defendants with conspiracy to possess and transfer unregistered firearms, and conspiracy to possess and sell stolen firearms.

Andiarena was convicted on all seven counts.

Andiarena then filed a petition in the United States District Court for a writ of habeas corpus, along with a motion to vacate sentence, alleging, *inter alia,* that the successive trials violated his Fifth Amendment due process rights and the prohibition against double jeopardy. After referring the filings to a magistrate, the district court denied all relief.[2] We affirm.

Petitioner argues that the firearms sales and drug sale were part of a single ongoing transaction and that his Fifth Amendment right against being placed in double jeopardy was violated because he was forced to face two successive prosecutions for offenses arising out of the same transaction. The test for determining whether two offenses are sufficiently distinguishable to permit successive prosecutions without violating the prohibition against double jeopardy was set out in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932):

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not . . . . "A single act may be an offense against two statutes; and if each statute

requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." [quoting *Gavieres v. United States,* 220 U.S. 338, 342, 31 S.Ct. 421, 422, 55 L.Ed. 489 (1911)].

Because the firearms statute and drug statutes under which petitioner was convicted clearly require proof of different facts, we find that there was no double jeopardy violation in this case. Moreover, the separate offenses were committed at different times and under different circumstances. For example, Jose Hernandez and Betsy Schore, codefendants in the drug trial, apparently were not involved in the gun sales. Thus, successive prosecution for the two offenses was permissible, notwithstanding a substantial overlap in the proof offered in each trial. *Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977); *Iannelli v. United States,* 420 U.S. 770, 785 n.17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975).

Petitioner also suggests that his Fifth Amendment due process rights were violated because the government harassed him with successive trials. Citing *Palko v. Connecticut,* 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937) (a double jeopardy case), he invites us to find that successive prosecutions violate "fundamental principles of liberty and justice."[3] In the case before us, how-

---

**2.** In addition to finding against the due process and double jeopardy claims, the district court discussed and rejected three other asserted grounds for relief. The court found first that petitioner was not denied effective assistance of counsel arising from an alleged failure to assert petitioner's Fifth Amendment rights at trial. Second, the court ruled that the trial judge had not abused his broad discretion in refusing to exclude the testimony of a coconspirator and an incriminating statement made by petitioner to the agent after his arrest. Finally, the court below found that petitioner's third claim—that the evidence was insufficient to support two counts of his conviction in the drug trial—was not cognizable on a motion to vacate sentence under 28 U.S.C.A. § 2255. In his appeal to this Court, petitioner does not question any of these findings.

**3.** In support of his position petitioner also relies on *Petite v. United States,* 361 U.S. 529, 530, 80 S.Ct. 450, 451, 4 L.Ed. 490 (1960), in which the Supreme Court enforced a policy of the Department of Justice to the effect that "several offenses arising out of a single transaction should be alleged and tried together and should not be the basis of multiple prosecutions." Apparently, the policy is "dictated by considerations both of fairness to defendants and of efficient and orderly law enforcement," *id.,* and is not motivated by constitutional considerations. It certainly could not have been intended for application to all criminal transactions regardless of whether the defendant would be prejudiced. Moreover, in *Petite* it was the government who moved to have the conviction in the second trial vacated because of its internal policy. Otherwise, "[t]his court has recognized that *Petite* is an internal [Department of Justice] policy of self-restraint that

ever, each trial was brief and the period of time between trials was short. This does not strike us as the same type of situation presented in *Palko,* where the defendant faced a "multitude of prosecutions." Nor is it similar to the facts of *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), another double jeopardy case, where the procedures employed "compel[led the defendant] to live in a continuing state of anxiety and insecurity." Thus, without reaching the question of whether successive trials of a defendant may under some circumstances violate due process, we hold that in this case petitioner's due process rights were not violated.

AFFIRMED.

should not be enforced against the government." *United States v. Nelligan,* 573 F.2d 251, 255 (5th Cir. 1978). *See also Fry v. United States,* 569 F.2d 303, 304 (5th Cir. 1978).