UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert PHILLIPS,
Defendant–Appellant.

No. 90–8271.

United States Court of Appeals,
Eleventh Circuit.

July 30, 1991.

---

Victoria D. Little, Decatur, Ga., for defendant-appellant.

Robert L. Barr, Jr., U.S. Atty., James T. Martin, Amy D. Levin, Asst. U.S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before KRAVITCH and EDMONDSON, Circuit Judges, and GODBOLD, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

Appellant Robert Phillips challenges his convictions and sentence on various counts of violations of the narcotics and firearms laws. Although we hold that there is no merit to Phillips's appeal of his convictions, we remand for resentencing due to error regarding Rule 32 of the Federal Rules of Criminal Procedure.

## I

Phillips was involved in a series of drug transactions with his codefendant Michael Alexander (not a party on appeal), Georgia Bureau of Investigation undercover agent Mays, and an informant. On November 29, 1988, Alexander and Phillips sold three ounces of cocaine to Agent Mays and the informant. The parties met again on December 1 in order for Phillips to sell one kilogram of cocaine. When negotiations

for the sale went awry, government agents arrested Phillips and Alexander. A search of the rental car in which the defendants had arrived revealed 1.3 kilograms of cocaine and a bag containing both a loaded revolver and Phillips's wallet.

Following appellant's arrest,[1] the police entered Phillips's home to secure the premises. The police conducted a security sweep of the house during which they asked Phillips's wife, Diana, who was present at the time, whether there were any firearms in the house. Mrs. Phillips stated that there were some in the hall closet. An agent stated that he wanted to retrieve them and Mrs. Phillips responded that she had no objections. Shortly thereafter the agents obtained a search warrant, completed a search of the house, and found heroin and drug paraphernalia. A police agent then spoke with Phillips at the hospital, informed him that they had found the heroin and that his wife was a suspect. Phillips claimed possession of the drugs and stated that his wife had not been involved with any drugs.

Phillips was indicted on December 20, 1988, and tried on October 24, 1989. At a bench trial, the judge found him guilty of eleven counts, including possession of controlled substances and possession of firearms. Phillips was sentenced to 420 months in prison and fined $50,000. His offense level was set at 36, calculated based on the level for fifty to one hundred kilograms of cocaine. The judge relied on information received both at trial and at the sentencing hearing. Phillips's criminal history level was set at VI because of two prior convictions. The court also added points for Phillips's leadership role and for obstruction of justice. He was sentenced to 360 months based on the guidelines, and 60 additional months based on the manda-

tory sentence for a violation of 18 U.S.C. § 924(c). The court did not ask Phillips to make a statement on his own behalf at sentencing.

## II

Phillips presents several issues on appeal relevant to his trial. First he contends that the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, was violated because more than seventy days passed between the indictment and trial, and not all of the days over seventy were excludable. Specifically he claims that his codefendant's motions[2] of January 1989 should have had a thirty-day limit for excludability, and that the judge, who deferred ruling on the motion to suppress and the motion for a *James*[3] hearing until trial, improperly excluded all the days until trial.

Appellant incorrectly argues that the thirty-day limit on excludability of section 3161(h)(1)(J) applies. That limitation arises when a motion which does not require a hearing is before the court. Motions necessitating hearings, such as suppression hearings and *James* hearings, are governed by section 3161(h)(1)(F). As such, the entire time from the filing of the motion to the conclusion of the hearing is excludable, even when the hearing is deferred until trial. *United States v. Garcia*, 778 F.2d 1558, 1562 (11th Cir.1986) (*James* hearing); *United States v. Mastrangelo*, 733 F.2d 793, 796 (11th Cir.1984) (suppression hearing). Because this time was properly excluded, there was no violation of the Speedy Trial Act.

Appellant next contends that the evidence at trial was insufficient to convict him of possession of the contraband found in his home.[4] Phillips relies primarily on the allegedly duplicitous position of the government, which argued at the suppression hearing that Phillips did not have

---

1. Phillips was taken to a hospital apparently because of some injuries received during his arrest, and he was in the hospital at the time of the search of his house.

2. Motions filed by a codefendant trigger excludable time for all defendants. *United States v. Martinez*, 749 F.2d 623, 624 (11th Cir.1984).

3. *United States v. James*, 590 F.2d 575 (5th Cir. 1979) (en banc).*

* The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

4. When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the government and determine if the jury could have found guilt beyond a reason-

standing to challenge the home search but then argued at trial that Phillips possessed the items in the home. Such alternate arguments by the government are not relevant, however, to our determination of the sufficiency of the evidence at trial. The evidence showed that the address listed on Phillips's driver's license was the same as the searched house, that he had access to the house, and that he had slept there the night prior to the arrest. There was also testimony from the agent who had interviewed Phillips at the hospital that Phillips had claimed possession of the heroin found in the house. Although he did not claim possession of the firearms, the weapons were found in a house to which he had access, which he listed as his address, and in which he kept drugs. This evidence was clearly sufficient to support his conviction on the counts relating to the contraband found in the house.

■  The evidence also was sufficient to support Phillips's conviction for possession of a firearm while engaged in drug trafficking, in violation of 18 U.S.C. § 924(c). The gun was found in a bag in the rental car which he drove to the drug transaction, and inside the bag, next to the gun, was his wallet. This evidence was sufficient to support the judge's finding that Phillips had knowledge of the gun sufficient for the conviction. *See United States v. Machado,* 804 F.2d 1537, 1547 (11th Cir.1986).

### III

■  Phillips also appeals various aspects of his sentencing hearing, foremost among which is his claim that the district court erred in not asking him to comment about the sentencing prior to the sentence and in not ensuring that Phillips had seen his presentence report. Rule 32 of the Federal Rules of Criminal Procedure requires that the court:

> (A) determine that the defendant and defendant's counsel have had the opportunity to read and discuss the presentence investigation report ...

able doubt. *United States v. Catchings,* 922 F.2d 777, 781 (11th Cir.1991).

**5.** Rule 32(a) at that time stated: "Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his

> (B) afford counsel for the defendant an opportunity to speak on behalf of defendant; and
>
> (C) address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence.

Fed.R.Crim.P. 32(a)(1)(A)–(C). As to subsection (A), this circuit has stated that the district court need not ask the defendant or counsel if they have reviewed the report so long as the defendant's objections to the report indicate that he has seen it. *United States v. Aleman,* 832 F.2d 142, 144 n. 6 (11th Cir.1987). At sentencing Phillips's counsel did present objections to the report and stated that the defendant had seen the report, and this was sufficient to meet the requirement of subsection (A) and *Aleman.*

■  Unlike subsection (A), however, subsection (C) explicitly requires that the court "address the defendant personally" to ascertain if the defendant has any statement regarding the sentence. The government concedes that the court did not address Phillips in this manner. The government argues that the explicit statement was not necessary, however, because the defendant presented objections to the report and presented evidence in mitigation of his sentence.

The Supreme Court addressed this issue in 1961 with respect to an earlier version of the rule,[5] holding that courts should adhere strictly to the language of the rule. *Green v. United States,* 365 U.S. 301, 304–05, 81 S.Ct. 653, 655, 5 L.Ed.2d 670 (1961). The Court recognized the value of the defendant's right to allocution, and to avoid any ambiguity in reviewing this aspect of sentencing, the Court stated:

> Trial judges before sentencing should, as a matter of good judicial administration, unambiguously address themselves to the defendant. Hereafter trial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing.

own behalf and to present any information in mitigation of punishment." *See Green v. United States,* 365 U.S. 301, 302 n. 1, 81 S.Ct. 653, 654, 5 L.Ed.2d 670 (1961).

*Id.* at 305, 81 S.Ct. at 655. The Court also rejected a contention similar to the government's in this case that merely permitting counsel to speak satisfied the Rule. *Id.* at 304, 81 S.Ct. at 655. As a result of *Green,* the Rule was amended in 1966 to include the direction that the court "address the defendant *personally* and ask him if he wishes to make a statement." Fed.R. Crim.P. 32, Advisory Committee's notes to 1966 amendment, *reprinted in* 18 U.S.C.A. Rule 32 at 12 (1976) (emphasis added).

In spite of this clear direction from the Supreme Court and the drafters of the Rule, a panel of the former Fifth Circuit appeared to state the contrary in a footnote. *United States v. Scallion,* 533 F.2d 903, 920 n. 20 (5th Cir.1976). It is not clear from the *Scallion* panel's brief discussion of the issue whether the sentencing court addressed the defendant, nor is it clear whether the panel actually was holding that the Rule 32 requirement may be overcome in some circumstances. The discussion is simply too scant for us to conclude that the case provides precedent contrary to the Rule and *Green.*

Other circuits have concluded, based on extensive analysis of the issue, that the Rule and the Supreme Court mean what they say: the sentencing court must address the defendant personally. *United States v. Walker,* 896 F.2d 295, 300–01 (8th Cir.1990); *United States v. Thomas,* 875 F.2d 559, 561 (6th Cir.1989); *United States v. Miller,* 849 F.2d 896, 897 (4th Cir.1988); *United States v. Buckley,* 847 F.2d 991, 1002 (1st Cir.1988); *United States v. Van Drunen,* 501 F.2d 1393, 1399 (7th Cir.1974). Also, the Fifth Circuit, despite the ambiguity in *Scallion,* since has held that the defendant must be addressed personally. *United States v. Posner,* 868 F.2d 720, 724 (5th Cir.1989). *See also United States v. Aleman,* 832 F.2d 142, 144 (11th Cir.1987) (holding that Rule 32(a)(1)(A) does not require that the court address the defendant personally regarding the presentence report, but noting that subsection (C) *does* require the personal statement regarding

the general sentence). In our view these circuits correctly read both Rule 32(a)(1)(C) and *Green* to allow no room for the sentencing court's failure to address the defendant personally. Given the clarity of the Supreme Court's opinion in *Green* and the Rule itself, we agree with the Fifth and other circuits that Rule 32(a)(1)(C) demands that the sentencing court, prior to sentencing, address the defendant personally regarding statements about his sentence. Failure to do so requires remand for resentencing. *United States v. Walker,* 896 F.2d 295, 300–01 (8th Cir.1990); *United States v. Posner,* 868 F.2d 720, 724 (5th Cir.1989).

In this case it is undisputed that the sentencing court did not address Phillips personally as required by Rule 32(a)(1)(C). We must therefore remand so that Phillips may exercise his right to allocution as protected by that Rule.[6]

AFFIRMED in part and REMANDED in part.

---

6. Phillips also appeals specific evidence raised at the sentencing hearing and various judgments made by the court at the hearing. Upon resentencing he will have the opportunity to raise these arguments in the manner consistent with Fed.R.Crim.P. 32(a). We therefore do not address these arguments on this appeal.