United States Court of Appeals,

Eleventh Circuit.

Nos. 92-9217, 92-9229.

UNITED STATES of America, Plaintiff-Appellee,

v.

Woodrow Larry BEARD, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Timothy BARNES, Defendant-Appellant.

Jan. 10, 1995.

Appeals from the United States District Court for the Northern District of Georgia. (Nos. 1:88-CR-488-5, 1:89-CR-373-2), Robert L. Vining, Jr., Judge.

Before KRAVITCH and DUBINA, Circuit Judges, and GIBSON[*], Senior Circuit Judge.

KRAVITCH, Circuit Judge:

Whether the time calculated under the Speedy Trial Act, 18 U.S.C. §§ 3161-74, is tolled during the pendency of a pretrial motion, is the main issue presented. Because we hold that the time during which Appellants' pretrial *James* motions were pending is excludable under the Act, we AFFIRM the district court's order denying Appellants' motions to dismiss their indictments.

I.

Beard was arrested in October 1988 as part of a large scale drug investigation conducted by the Drug Enforcement Agency and the

[*]Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

Georgia Bureau of Investigation.[1]  On December 5, 1988, Beard filed a motion for a *James* hearing to determine whether the statements of his alleged coconspirators would be admissible against him pursuant to Fed.R.Evid. 801(d)(2)(E).  On January 5, 1989, at a pretrial conference, the magistrate judge deferred Beard's motion for a *James* hearing to the trial judge.  Beard was not brought to trial and on January 16, 1992, he moved to dismiss his indictment, alleging a violation of the Speedy Trial Act.  When that motion was denied, Beard pleaded guilty to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1); attempt to possess with intent to distribute marijuana in violation of § 21 U.S.C. § 846;  and use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  He now appeals from the denial of his speedy trial motion.[2]

In June 1989, Barnes pleaded guilty in state court to charges of cocaine possession.  In October 1989, Barnes was arrested on federal drug charges, stemming from the same overall investigation.  On October 30, 1989, Barnes filed a motion for a *James* hearing.  At a pretrial conference held on November 21, 1989, the magistrate judge deferred Barnes's motion for a *James* hearing to the trial judge.  On April 26, 1990, Barnes and six codefendants were brought to trial.[3]  Barnes became ill during the trial, and on May 3, 1990,

---

[1] In separate indictments, Beard was charged with marijuana and cocaine violations.  He was tried and found guilty on the cocaine charges.  Only the marijuana charges are relevant to this appeal.

[2] Beard reserved his right to appeal this issue.

[3] Beard was not a codefendant in Barnes's case.

the judge declared a mistrial as to Barnes.  At the time when the judge declared the mistrial, he had yet to rule on Barnes's *James* motion.  When his retrial had not commenced by January 28, 1991, Barnes filed a motion to dismiss his federal indictment, alleging a violation of the Speedy Trial Act.  Barnes also alleged that his prosecution in federal court violated the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C.App., and the Department of Justice's dual prosecution policy.  The district court denied the motion and Barnes pleaded guilty to conspiracy to distribute cocaine in violation 21 U.S.C. § 841(a)(1) and possession of cocaine in violation of 18 U.S.C. § 2.  He appeals from the denial of his motion to dismiss the indictment.[4]

## II.

The Speedy Trial Act requires that a person be tried within seventy days of his indictment or first appearance before a judge or magistrate, whichever occurs later.  18 U.S.C. § 3161(c)(1). The Act enumerates various periods of delay, however, which automatically toll the computation of time.  *See* 18 U.S.C. § 3161(h).  The government argues that the pendency of the *James* motions tolls the computation of time in these cases under 18 U.S.C. § 3161(h)(1)(F).  We agree.

Delay resulting from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is automatically excluded in computing the time within which trial must commence.  18 U.S.C. §

---

[4]Barnes reserved his right to appeal the district court's denial of his motion.

3161(h)(1)(F); *see Henderson v. United States,* 476 U.S. 321, 330, 106 S.Ct. 1871, 1876-77, 90 L.Ed.2d 299 (1986) (holding that all the time between the filing of a pretrial motion and the conclusion of the hearing on that motion is excluded when calculating the seventy days, regardless of whether such delay is reasonably necessary). We have held that motions which are deferred to the district court by a magistrate judge remain pretrial motions. *United States v. Garcia,* 778 F.2d 1558, 1562 (11th Cir.), *cert. denied,* 477 U.S. 906, 106 S.Ct. 3279, 91 L.Ed.2d 568 (1986). Thus, "the entire time from the filing of the [*James* ] motion to the conclusion of the hearing is excludable, even [though] the hearing [was] deferred until trial." *United States v. Phillips,* 936 F.2d 1252, 1254 (11th Cir.1991); *see also United States v. Mendoza-Cecelia,* 963 F.2d 1467, 1476 (11th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 436, 121 L.Ed.2d 356 (1992).[5]

---

[5]Appellants assert that where, as here, a hearing is never held, exclusion for pending motions is inapplicable. *United States v. Khoury,* 901 F.2d 948, 972 n. 25 (11th Cir.1990) ("We are aware of no case where a motion filed pre-trial excludes all time through the hearing where the hearing is never held or is held *after* the commencement of trial."). This court's statement in *Khoury* is merely dicta. In *Khoury,* there was no pending motion because the magistrate judge had denied the motion; he did not defer the motion. Thus, § 3161(h)(1)(F) was inapplicable. Further, in *Phillips,* this court made clear that when a motion is deferred until trial, it remains a pre-trial motion, triggering the automatic tolling provision of § 3161(h)(1)(F). 936 F.2d at 1254.

A delay of sufficient length may be a Constitutional violation, even though it is not a violation of the Speedy Trial Act. *See United States v. Loud Hawk,* 474 U.S. 302, 305 n. 1, 106 S.Ct. 648, 650 n. 1, 88 L.Ed.2d 640 (1986) (noting that respondents sought relief under Sixth Amendment because automatic exclusions precluded relief under Speedy Trial Act); *United States v. Gonzalez,* 671 F.2d 441 (11th Cir.1982). Neither Beard nor Barnes asserts that the lengthy delay from the time of his indictment to the time of

Because the trial judge had yet to hold a *James* hearing when Beard pleaded guilty, the computation of time for the purposes of the Speedy Trial Act remained tolled.  The district court therefore properly denied Beard's motion to dismiss his indictment.

### III.

Barnes's case requires a slightly different analysis.  Barnes was brought to trial in April 1990 and a mistrial was declared on May 3, 1990.  Following a mistrial, a new trial must "commence within seventy days from the date the action occasioning the retrial becomes final."  18 U.S.C. § 3161(e).  Barnes asserts that the government's failure to timely commence a new trial violates the Speedy Trial Act.

The government correctly notes that Barnes waived his right to object to any delay preceding the commencement of the April trial because he failed to move for dismissal prior to the start of that trial.  18 U.S.C. § 3162(a)(2).[6]  The government argues that this waiver continues post-mistrial, precluding Barnes from objecting to any delay in the commencement of his retrial.  We disagree.  A waiver pursuant to 18 U.S.C. § 3162(a)(2) does not continue beyond the declaration of a mistrial.  *See United States v. Didier,* 542 F.2d 1182, 1185 (2d Cir.1976) ("appellant's waiver of his right to a speedy trial was voided and his right to a speedy

his guilty plea violates the Sixth Amendment.  We therefore express no opinion as to whether delays of this length, under these circumstances, violate the Sixth Amendment right to a speedy trial.

[6]§ 3162(a)(2) provides that the "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section."

trial revived by the declaration of a mistrial"); *United States v. Kington,* 875 F.2d 1091, 1107 (5th Cir.1989) (clock resets to zero following a mistrial).

Although Barnes did not waive his right to a speedy retrial, his claim nonetheless fails. Barnes had a *James* motion pending when his April 1990 trial began, and the judge had yet to resolve the motion when he declared a mistrial.[7] Thus, the *James* motion tolled the computation of time. *See,* 18 U.S.C. § 3161(h)(1)(F); *Philips,* 936 F.2d at 1254. Accordingly, we hold that Barnes's rights under the Speedy Trial Act were not violated.

Barnes's two other contentions merit little discussion. He argues that his federal indictment violated the IADA, because he was never advised of his right to be tried within 180 days of his transfer from the Georgia state penal system to the federal system. 18 U.S.C.App. III. Barnes concedes that a detainer was never filed, however, as he was brought into federal custody by means of a writ of habeas corpus ad prosequendum. Because a detainer was never filed, the protections of the IADA were never triggered. *See United States v. Mauro,* 436 U.S. 340, 361, 98 S.Ct. 1834, 1847-48, 56 L.Ed.2d 329 (1978) (writ of habeas corpus ad prosequendum does not constitute a "detainer" within the meaning of IADA and therefore, application of IADA not proper).[8]

---

[7]For purposes of the Speedy Trial Act, Barnes's *James* motion survived the mistrial. *See United States v. Riley,* 991 F.2d 120, 124 (4th Cir.) (pretrial motion to suppress survived declaration of mistrial for purposes of Speedy Trial Act), *cert. denied,* --- U.S. ----, 114 S.Ct. 392, 126 L.Ed.2d 341 (1993).

[8]Barnes's argument that the Speedy Trial Act required the government to place a detainer on him is belied by the plain language of the statute. 18 U.S.C. § 3161(j)(1) provides in

Barnes also argues that his federal prosecution violates the Department of Justice's policy of refraining from multiple prosecutions for essentially the same conduct. He asserts that because he pleaded guilty to cocaine charges in state court, the federal government may not indict him on charges relating to the same cocaine.

The dual prosecution policy is an internal policy which confers no enforceable rights on a criminal defendant. *See United States v. Nelligan,*[9] 573 F.2d 251, 255 (5th Cir.1978) (dual prosecution policy is "internal policy of self-restraint that should not be enforced against the government"); *Andiarena v. Keohane,* 691 F.2d 993, 995-96 n. 3 (11th Cir.1982). Thus, Barnes

pertinent part:

> If the attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly—
>
>> (A) undertake to obtain the presence of the prisoner for trial; *or*
>>
>> (B) cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial.

(Emphasis added). 3161(j)(1) is written in the disjunctive. The government therefore properly secured Barnes's presence by filing a writ of habeas corpus ad prosequendum and was not required to file a detainer. *See United States v. Roper,* 716 F.2d 611, 613-14 (4th Cir.1983) (§ 3161(j)(1) written in alternative; thus no Speedy Trial Act violation when writ of habeas corpus ad prosequendum was issued to secure Roper's presence at federal trial).

[9]The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

may not use the policy to effectuate dismissal of his indictment.[10]

AFFIRMED.

---

[10]Barnes's assertion that *Petite v. United States,* 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960), requires the dismissal of his indictment is unavailing. In *Petite,* the government sought to have a conviction vacated based upon its policy of refraining from multiple prosecutions stemming from the same conduct. *Petite* does not give a criminal defendant the right to enforce this policy.