[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10308
Non-Argument Calendar

_____

D. C. Docket No. 04-60090-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD BIBERGALL,
a.k.a. B,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 20, 2006)**

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Ronald Bibergall appeals his sentence imposed after he pled guilty to manufacturing and possessing with the intent to distribute marijuana, a violation of 21 U.S.C. § 841(a),(1), (b)(1)(B)(vii). Bibergall's sole contention on appeal is that the district court erred at sentencing in failing to inquire if Bibergall and his attorney were supplied with and had discussed the presentence investigation report (PSI).

Bibergall did not raise an objection at sentencing to the court's failure to question him regarding the PSI, therefore, we will review for plain error only. *United States v. Gerrow*, 232 F.3d 831, 833 (11th Cir. 2000). Under the plain error standard of review, we will reverse a district court decision only if (1) an error was committed; (2) the error was plain; and (3) the error affected the substantial rights of the defendant. *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993). An error affects the defendant's substantial rights if the error was prejudicial and affected the outcome of the district court proceedings. *Id*. at 1778. If we discover a plain error that affects substantial rights, we will remand for a correction of the error only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id*. at 1779.

At sentencing, the court "must verify that the defendant and the defendant's attorney have read and discussed the presentence report." Fed. R. Crim. P. 32(i)(1)(A). The first mention of the PSI during Bibergall's sentencing proceedings occurred when the district court stated it had reviewed the report, read the offense level and criminal history score into the record, and then issued a sentence. The court never asked Bibergall, or his counsel, whether they had received and discussed the PSI. The district court's failure to ask constitutes plain error.[1]

This Court, however, will not correct plain error unless the defendant can show actual prejudice. Bibergall received a statutory mandatory minimum sentence of 120 months' imprisonment pursuant to 21 U.S.C. § 851, which requires the government to inform the court and the defendant, prior to any plea of guilty, that it intends to seek an increased punishment based on a prior conviction. 21 U.S.C. § 851(a)(1). As he pled guilty, Bibergall affirmed to the court that he was aware of the mandatory minimum sentence of 10 years and that he discussed

---

[1] Under the previous version of Rule 32(i)(1)(A), this Court held "the district court need not ask the defendant or counsel if they have reviewed the report so long as the defendant's objections to the report indicate that he has seen it." *United States v. Phillips*, 936 F.2d 1252, 1255 (11th Cir. 1991). *Phillips* interpreted former Rule 32(a)(1)(A), which stated the court "shall determine that the defendant and the defendant's counsel have had the opportunity to read and discuss the presentence investigation report." Fed. R. Crim. P. 32(a)(1)(A) (amended 1994). This Court has not revisited the issue since Rule 32 was amended. In this case, Bibergall did not make any objections indicating he had seen the report, however, it is clear from the record that he was familiar with its contents.

3

that fact with his attorney. Bibergall referred to § 851 again at sentencing.

Bibergall notes his ability to qualify for certain prison programs and his security classification are dictated by the criminal history score contained in his PSI, but he does not allege any inaccuracies or any other reason to revisit the calculations in the report.[2] At sentencing, the court read the findings of the PSI into the record, including the fact the report calculated Bibergall's criminal history as V. Additionally, when asked by the district court if he or his counsel objected to the findings or the manner in which sentenced was pronounced, Bibergall's counsel responded in the negative. Bibergall has not shown any prejudice as a result of the district court's failure to verify he had seen the PSI.

Bibergall also contends the court violated 18 U.S.C. § 3552(d), which states, "[t]he court shall assure that a [PSI] is disclosed to the defendant, the counsel for the defendant, and the attorney for the Government at least ten days prior to the date set for sentencing, unless this minimum period is waived by the defendant." He asserts his case should be remanded because the sentencing court did not assure that Bibergall had ten days to review the PSI prior to sentencing, as in *United*

---

[2] In similar instances, several other Circuits have declined to remand cases where the district court failed to verify that the defendant reviewed the PSI with his attorney, but the defendant did not allege any changes that should be made to the PSI. *See United States v. Stevens*, 223 F.3d 239, 246 (3d Cir. 2000) (joining the Fourth, Sixth, Seventh, Ninth, and Tenth Circuits in holding that noncompliance with the verification requirement of Rule 32 does not require vacatur and resentencing without at least some showing of prejudice by the defendant).

*States v. Davenport*, 151 F.3d 1325, 1328 (11th Cir. 1998) (remanding, after *de novo* review, when the defendant did not receive the PSI at least ten days prior to sentencing).  Unlike the defendant in *Davenport*, Bibergall did not move for a continuance or raise an objection in the district court.  Additionally, the addendum to the presentence report shows Bibergall received the report 13 days prior to sentencing.  Bibergall cannot allege he suffered prejudicial error because the court failed to inquire whether he received the report at least ten days prior to sentencing when court records show he obtained a copy in accordance with the statute.

Although the district court committed plain error by failing to ask Bibergall and his counsel whether they had reviewed and discussed his PSI prior to sentencing, Bibergall has not suffered any prejudice from that error.  Thus, we affirm his sentence.

AFFIRMED.