[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13430
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-00107-IPJ-RRA-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

COURTNEY MAYS,
a.k.a. Courtney Demond Mays,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 21, 2011)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Courtney Mays appeals his conviction after entering a conditional guilty plea to two counts of being a felon in possession of a firearm, pursuant to 18 U.S.C. § 922(g)(1). For the following reasons, we affirm.

## I.

Mays first argues that the district court abused its discretion by dismissing his original indictment without prejudice under the Speedy Trial Act, 18 U.S.C. § 3161, because his trial was delayed by 33 months, an excessive time period during which the firearms at issue were destroyed and witnesses' memories faded.

"We review for an abuse of discretion whether a district court should dismiss an indictment with or without prejudice for a violation of the Speedy Trial Act." *United States v. Knight*, 562 F.3d 1314, 1321 (11th Cir. 2009). "[T]here is no preference for one type of dismissal over the other." *United States v. Brown*, 183 F.3d 1306, 1310 (11th Cir. 1999) (citing *United States v. Taylor*, 487 U.S. 326, 335 (1988)). The district court, however, must consider three factors in making its decision: "'the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.'" *Id*. (quoting 18 U.S.C. § 3162(a)(1) and (2)).

Mays does not contest that possession of a firearm by a convicted felon is a serious crime. *See United States v. Jones*, 601 F.3d 1247, 1257 (11th Cir. 2010) (holding that a similar charge, possession of ammunition by a felon, is a serious offense). "Where the crime charged is serious, the court should dismiss [with prejudice] only for a correspondingly severe delay." *United States v. Russo*, 741 F.2d 1264, 1267 (11th Cir. 1984) (per curiam). As such, the district court did not abuse its discretion by dismissing without prejudice because the corresponding delay was not severe.

Mays asserts that he suffered a 33 month delay, but this is inaccurate. When a trial did not commence timely because the defendant withdrew his initial plea of guilty, then the 70-day window begins on the date he withdrew his plea. *See* 18 U.S.C. § 3161(i). Mays entered a guilty plea on November 28, 2007, and withdrew that plea on November 30, 2009, thus the two year interval during which Mays served his original sentence is excluded from our analysis. Given the seriousness of the offense, that the government was not at fault for the delay, and that the delay itself was eleven days, the district court did not abuse its discretion by dismissing the case without prejudice.

**II.**

3

Mays next argues that the district court erred when it denied his motion to dismiss his second indictment under the Sixth Amendment and the Speedy Trial Act. The district court's failure to rule on Mays' motion to dismiss functions as an implicit denial for the purposes of this appeal. *See United States v. Stefan*, 784 F.2d 1093, 1100 (11th Cir. 1986).

## A.    Sixth Amendment Right to a Speedy Trial

Mays argues that his Sixth Amendment right to a fair and speedy trial was violated because his pretrial incarceration was oppressive and he was prejudiced by the destruction of evidence. We review *de novo* the district court's denial of a motion to dismiss based on the Sixth Amendment right to speedy trial. *United States v. Schlei*, 122 F.3d 944, 986 (11th Cir. 1997).

Mays argues the length of the delay was 33 months, which he calculates by including the time from the original indictment to his final plea. But Mays's reliance on the date of his original indictment is misplaced, because "[t]he Sixth Amendment speedy trial guarantee was no longer effective for [May's] original indictment once the district court dismissed it." *United States v. McDaniel*, 631 F.3d 1204, 1209 n.2 (11th Cir. 2011); *see also United States v. MacDonald*, 456 U.S. 1, 7, 8–9 (1982) (citation omitted) ("Although delay prior to arrest or indictment may give rise to a due process claim under the Fifth Amendment, . . .

no Sixth Amendment right to a speedy trial arises until charges are pending."); *United States v. Hicks*, 798 F.2d 446, 450 (11th Cir. 1986) ("[D]elay between dismissal of the earlier charges and subsequent arrest or indictment must be scrutinized under the due process clause.").

Thus, the delay is at most three months. The length of the delay is a triggering mechanism, so because three months is not "presumptively prejudicial," *see Schlei*, 122 F.3d at 987 ("A delay is considered presumptively prejudicial as it approaches one year."), Mays's constitutional right to a speedy trial was not violated and it is unnecessary to assess the remaining three factors under *Barker v. Wingo*, 407 U.S. 514, 530 (1972). *See Schlei*, 122 F.3d at 987.

## B. Speedy Trial Act

As to the Speedy Trial Act, Mays maintains that the district court improperly excluded the time during which his first motion to dismiss was pending from the 70-day calculation. We review the construction and interpretation of the Speedy Trial Act *de novo* and review a district court's factual determinations on excludable time for clear error. *Id.* at 984.

Pursuant to the Speedy Trial Act, a defendant must be tried within 70 days of the filing of an indictment or an arraignment, whichever is later. *See* 18 U.S.C. § 3161(c)(1). In this case, when the Government filed the second indictment it

5

started a new 70-day period. *See* 18 U.S.C. § 3161(d)(1). The "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," is excluded from the calculation and tolls the speedy trial clock. *See* 18 U.S.C. § 3161(h)(1)(D).

We have construed that exclusion as happening "automatically," regardless of whether the delay is reasonably necessary, even when the hearing is set off until after the commencement of the trial, or when a hearing is never held at all. *See United States v. Beard*, 41 F.3d 1486, 1488 (11th Cir. 1995); *see also United States v. Twitty*, 107 F.3d 1482, 1487–88 (11th Cir. 1997). Mays has not cited any cases to contradict our precedent, thus we affirm on this ground.

## III.

Finally, Mays argues that the district court should not have denied his motion to suppress, because any testimony from the government's expert witness would have been hearsay. The court's failure to rule on this motion functions as an implicit denial for the purposes of this appeal. *See Stefan*, 784 F.2d at 1100.

Although Mays calls it a "motion to suppress," we must look to the substance of the motion in determining how to review it. *See United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) (per curiam). Mays's "motion to suppress" is properly construed as a motion *in limine*, because it addresses

6

"hypothetical concerns" regarding whether a government witness might rely on hearsay during his testimony. *See United States v. Khoury*, 901 F.2d 948, 966 (11th Cir. 1990). And, because his request to exclude was, in effect, a motion *in limine*, it was insufficient to preserve this issue for appellate review. *See id.* ("A defendant must object at trial to preserve an objection on appeal; the overruling of a motion in limine does not suffice."). In *Luce v. United States*, the Supreme Court held that a motion *in limine* was unreviewable because the impeachment that had been its subject never occurred because the defendant did not testify. 469 U.S. 38, 41–43 (1984).

Here, as in *Luce*, the testimony never occurred, so any attempt to determine whether the district court plainly erred would be "wholly speculative." *Luce*, 469 U.S. at 41. That is especially true here because the parties dispute what the witness would have said at trial. As a motion *in limine*, it has not been properly preserved and we will not review its denial.

Mays entered into an explicit, written plea agreement with the government, in which the government characterized the motion at issue as a "motion to suppress," and represented to Mays that he was preserving his right to appeal it. The Government now asserts that this motion, the preservation of which was a condition of its agreement with Mays, is not preserved. If a defendant entered a

7

plea on the reasonable, but mistaken, belief that the plea was conditional, and that he had preserved an issue for appeal, then "his plea was, as a matter of law, not knowing and voluntary." *United States v. Pierre*, 120 F.3d 1153, 1156 (11th Cir. 1997).

Mays's plea was not knowing and voluntary, and the appropriate remedy would normally be to vacate the plea. *Id*. at 1157. If, however an appellant does not "plainly and prominently" raise an issue in his brief, it is considered abandoned. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). Mays did not raise the argument that his plea was not knowing and voluntary in his initial brief, and he did not file a reply after the government argued that his "motion to suppress" should be construed as a motion *in limine*, and had not been preserved. Accordingly, the issue has been abandoned, and we affirm the judgment of the district court.

**AFFIRMED.**