[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12133
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00188-RBD-KRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMIS ULISES MOKAY-FONG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 13, 2015)

Before JORDAN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Demis Ulises Mokay-Fong appeals his 235-month, below-Guidelines sentence, imposed after pleading guilty to multiple drug offenses and illegal reentry of a deported alien.  Mokay-Fong asserts, for the first time on appeal, the district court violated Federal Rule of Criminal Procedure 32(i)(1)(A)[1] by proceeding with sentencing without first inquiring whether he needed additional time or the aid of an interpreter in order to read the amended presentence investigation report (PSI) in its entirety.

The Federal Rules of Criminal Procedure provide the sentencing court must "verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report."  Fed. R. Crim. P. 32(i)(1)(A). In applying a prior version of Rule 32(i)(1)(A), we held no specific inquiry was required in order for the district court to meet its obligation, as long as there were some indicia in the record evidencing that counsel reviewed the PSI with the defendant. *See United States v. Phillips*, 936 F.2d 1252, 1255 (11th Cir. 1991) (holding counsel's objections to the PSI, together with his assertion the defendant viewed the PSI, was sufficient to meet the requirements of the prior version of Rule 32(i)(1)(A)).

---

[1] We have construed Mokay-Fong's citation to the now-defunct Federal Rule of Criminal Procedure 32(c)(3)(A) as an argument under current Federal Rule of Criminal Procedure 32(i)(1)(A).

Mokay-Fong's sentence challenge fails for two alternate reasons.  First, application of the invited error doctrine is appropriate with respect to Mokay-Fong's contention the district court did not comply with Rule 32.  *See United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005) (stating the doctrine of invited error applies when a party induces or invites the district court into committing error). The district court asked defense counsel whether he reviewed the amended PSI with Mokay-Fong, and counsel stated he had been over it "in depth" with his client.  Defense counsel acknowledged Mokay-Fong received his copy of the amended PSI the morning of sentencing, before clarifying that Mokay-Fong was "prepared to proceed" with sentencing.  Given the district court's targeted questioning and defense counsel's assertion that sentencing should proceed, Mokay-Fong invited any error that may have occurred with respect to the district court's compliance with Federal Rule of Criminal Procedure 32(i)(1)(A). *See Silvestri*, 409 F.3d at 1327; *see also United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009) (stating if a party waives the protection of a procedural rule, he cannot later complain that any resulting error is reversible).

Assuming, *arguendo*, that Mokay-Fong did not invite any potential error, we review the merits of his argument under Rule 32(i)(1)(A) for plain error only, as he did not raise it in the district court. *See United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) (explaining when a defendant raises an objection for the first time

3

on appeal, review is for plain error only).  The district court inquired whether defense counsel "had an opportunity to review the presentence report and to discuss it with [Mokay-Fong]," and received, in response to its inquiry, assurances that counsel and Mokay-Fong went over the PSI "in depth."  We conclude the district court adequately fulfilled its Rule 32(i)(1)(A) obligation to "verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." *See* Fed. R. Crim. P. 32(i)(1)(A). Moreover, because Mokay-Fong does not cite, and research has not revealed, any published case from this Court or the Supreme Court supporting his position the district court's actions violated Rule 32(i)(1)(A), any error by the district court was not plain. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (stating an error is plain when it contradicts precedent from the Supreme Court or this Court).

Based on the foregoing, Mokay-Fong invited any potential error with respect to the district court's compliance with Federal Rule of Criminal Procedure 32(i)(1). Alternatively, the district court did not commit plain error.

**AFFIRMED.**