[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15072
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20169-JEM-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN PALMA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 1, 2017)

Before JORDAN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Palma appeals his conviction and 135-month sentence for conspiracy to

commit kidnapping, in violation of 18 U.S.C. § 1201(c).  On appeal, Palma raises

four issues.  First, he argues that the indictment was jurisdictionally defective because it failed to allege that the kidnapping conspiracy he entered into involved an agreement to move in or otherwise affect interstate commerce.  Second, he argues that the district court plainly erred in determining that his plea was knowing and voluntary because it failed to ensure that he understood the nature of the charges against him, particularly the interstate commerce element of the offense.  Third, he argues that his sentence was procedurally unreasonable because the district court failed to directly address him and confirm that he had reviewed the presentence investigation report ("PSI").  Fourth, he argues that his sentence was substantively unreasonable given the limited role he played in the kidnapping scheme and that the district court created a disparity among similarly situated defendants and improperly treated the Sentencing Guidelines as mandatory.

Upon review of the record and consideration of the parties' briefs, we affirm.

## I.

We review *de novo* whether an indictment sufficiently alleges a statutorily proscribed offense.  *United States v. Seher*, 562 F.3d 1344, 1356 (11th Cir. 2009).  An indictment's failure to charge a crime in violation of United States law constitutes a jurisdictional defect and therefore may be raised at any time.  *See United States v. Izurieta*, 710 F.3d 1176, 1179 (11th Cir. 2013).  But not all defects

2

in the indictment deprive a district court of jurisdiction. *United States v. Cotton*, 535 U.S. 625, 630 (2002).

A guilty plea admits all the elements of a formal criminal charge and therefore waives all non-jurisdictional defects in the proceedings against the defendant. *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014). Conversely, a jurisdictional error can never be waived by the parties. *Id.* The failure of an indictment to allege a crime in violation of the laws of the United States is a jurisdictional defect. *Id.* at 1353. However, the omission of an element of the charged offense does not necessarily mean that an indictment has failed to allege a criminal offense against the laws of the United States and thus does not strip the district court of its jurisdiction over the case. *Id.* at 1353–54.

The indictment in *Brown* charged the defendant with receiving counterfeit money orders but failed to allege an essential element of the crime: that the defendant knew the money orders were counterfeit. *Id.* at 1346. In the past, we have found indictments to be jurisdictionally defective where they "affirmatively allege[d] facts that conclusively negated the existence of any offense against the laws of the United States." *Id.* at 1353. We held that the indictment in *Brown* had charged the defendant with a criminal offense against the laws of the United States because it charged the defendant with violating "a valid federal statute in the United States Code" and also tracked the language of the statute in its entirety. *Id.*

3

at 1354.  While the omission of the *mens rea* element may have allowed the defendant to argue that the indictment was insufficient and subject to dismissal, we noted that this argument was waived when the defendant entered into an unconditional guilty plea.  *Id.*

Additionally, we have noted, with regard to the federal statutes requiring an interstate-commerce nexus, that the failure to allege or prove an interstate-commerce element does not deprive the district court of jurisdiction.  *Alikhani v. United States*, 200 F.3d 732, 735 (11th Cir. 2000).  We stated that, while an effect on interstate commerce may be required for Congress to have authority to forbid certain conduct, "that does not imply that a district court faced with an insufficient interstate-commerce nexus loses subject-matter jurisdiction of the case."  *Id.* (citing *United States v. Viscome*, 144 F.3d 1365, 1370 (11th Cir. 1998)).

Section 1201(a) provides, in relevant part, as follows:

Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person . . . when . . . the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense . . . shall be punished by imprisonment for any term of years or for life.

18 U.S.C. § 1201(a)(1).  Section 1201(c) provides that "[i]f two or more persons conspire to violate this section and one or more of such persons do any overt act to

4

effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life." 18 U.S.C. § 1201(c).

Here, because Palma entered an unconditional guilty plea, he has waived all challenges to non-jurisdictional defects in the indictment. *Brown*, 752 F.3d at 1347. The alleged defect in the indictment of not charging a conspiracy to kidnap A.M. and to take some action with a nexus to interstate commerce in doing so would be a mere failure to allege an element of the offense, that is, a nexus to interstate commerce. *Id.* at 1353–54. And we have indicated that the failure to allege or prove an interstate-commerce element does not deprive the district court of jurisdiction. *Alikhani*, 200 F.3d at 735. Moreover, like the challenge to the indictment in *Brown*, the alleged defect here involves the nature and scope of the defendant's *mens rea* regarding his conspiratorial intent and purpose. *Brown*, 752 F.3d at 1346. Furthermore, the indictment here specifically charged Palma with violating 18 U.S.C. § 1201(a)(1) and (c), a valid federal statute in the United States Code, and tracks the language of the statute. (Doc. 3 at 3); *Brown*, 752 F.3d at 1354. Thus, it properly charged Palma with a criminal offense against the laws of the United States and empowered the district court with jurisdiction. *Brown*, 752 F.3d at 1353. While Palma may have had the ability to challenge the indictment as insufficient, he waived that argument by entering into an unconditional guilty plea. *Id.* at 1354.

II.

We review objections to the constitutionality of a guilty plea and alleged Rule 11 violations for plain error where those objections are raised for the first time on appeal. *United States v. Moriarty*, 429 F.3d 1012, 1018–19 (11th Cir. 2015). Under plain-error analysis, we will only correct an error that the defendant failed to raise in the district court if: (1) an error occurred; (2) the error was plain; and (3) the error affected substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). An error is plain when it contradicts precedent from the Supreme Court or this Court, and cannot be plain in the absence of such precedent. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1290-91 (11th Cir. 2003). An error affects a party's substantial rights if there is a reasonable probability that the error affected the outcome of the case. *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005). If all three conditions are met, we may, in our discretion, correct an error if it "seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Olano*, 507 U.S. at 732, 113 S.Ct. at 1776. Where a defendant seeks reversal of his conviction after a guilty plea on the ground that the district court committed plain error under Rule 11, he must show a reasonable probability that, but for the error, he would not have entered the plea. *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

6

Because a plea of guilty waives several constitutional rights, the Due Process Clause of the Fourteenth Amendment requires the plea to be both voluntary and knowing. *Gaddy v. Linahan*, 780 F.2d 935, 943 (11th Cir. 1986). Before the district court accepts a guilty plea, there must be an affirmative showing that the plea was intelligent and voluntary, and the waiver of constitutional rights will not be presumed from a silent record. *Boykin v. Alabama*, 395 U.S. 238, 242–43 (1969). Under Federal Rule of Criminal Procedure 11, the district court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the nature of the plea being offered and the potential consequences of that plea. *United States v. Lewis*, 115 F.3d 1531, 1535 (11th Cir. 1997). Rule 11 requires the district court to conduct a searching inquiry into the voluntariness of the defendant's guilty plea. *United States v. Siegel*, 102 F.3d 477, 481 (11th Cir. 1996). To determine whether the waiver is knowing and voluntary, a court accepting a guilty plea must comply with the three "core concerns" of Rule 11 by ensuring that: (1) the guilty plea is free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant understands the direct consequences of his plea. *United States v. Jones*, 143 F.3d 1417, 1418-19 (11th Cir. 1998).

There is no set formula that must be applied in determining whether the district court adequately informed the defendant of the nature of the charges

brought against him; rather, the level of inquiry "varies from case to case depending on the relative difficulty of comprehension of the charges and of the defendant's sophistication and intelligence." *United States v. Camacho,* 233 F.3d 1308, 1314 (11th Cir. 2000) (quotation omitted).  Where a defendant raises both Rule 11 and due process violations, we need not determine whether that defendant has shown there was a "reasonable probability that, but for the error, he would not have entered the plea" if there is no plain error under a traditional due process analysis.  *See Dominguez Benitez,* 542 U.S. at 83.

Here, Palma has not shown that the district court plainly erred in failing to ensure that he understood the nature of the charges against him when it did not assure that Palma understood the interstate commerce element.  First, Palma has identified no precedent holding that *mens rea* with regard to the interstate-commerce nexus of a kidnapping conspiracy is an essential element of conspiracy to commit kidnapping.  *Lejarde-Rada,* 319 F.3d at 1290–91.  Second, even assuming that it was an essential element, the district court here took sufficient steps to ensure that Palma understood the nature of the charges against him. Accordingly, Palma has not shown that any error the district court made in failing to ensure that he understood the necessary scope of his conspiratorial intent was plain.

8

III.

Federal Rule of Criminal Procedure 32 provides that the sentencing court must "verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." Fed. R. Crim. P. 32(i)(1)(A). In applying a prior version of Rule 32(i)(1)(A), we held that no specific inquiry was required in order for the district court to meet its obligation, as long as there were some indicia in the record evidencing that counsel reviewed the PSI with the defendant. *See United States v. Aleman*, 832 F.2d 142, 144 & n.6 (11th Cir. 1987). In *Aleman*, we concluded that the district court's question, "[A]re there any problems with the presentence report?" was sufficient. *Id.* at 142. When a defendant raises an objection for the first time on appeal, we review for plain error only. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).

Here, Palma has not shown that the district court plainly erred in failing to directly address him and ask whether he had reviewed the PSI or that any such error affected his substantial rights. First, while the district court did not directly address Palma at sentencing, such an inquiry was not necessarily required. *Aleman*, 832 F.2d at 144 n.6. There were numerous indicia in the record evidencing that Palma's counsel had reviewed the PSI with him, including his counsel's confirmation at the sentencing hearing that all of his objections had been resolved and that the guidelines calculations reflected in the PSI were correct.

9

Second, even assuming the district court committed error that was plain by violating Rule 32(i)(1)(A), Palma has not shown that this error affected his substantial rights. *Olano*, 507 U.S. at 732. He points to no specific errors in the PSI beyond the issues that were already raised at sentencing and addressed by the district court. Thus, Palma has failed to show that the district court plainly erred in failing to verify that he had read and reviewed the PSI. *Olano*, 507 U.S. at 732.

IV.

The substantive reasonableness of a sentence—whether inside or outside the applicable guideline range—is subject to a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). In reviewing a district court's sentence for substantive unreasonableness, we examine the totality of the circumstances to determine whether the statutory factors in § 3553(a) support the sentence in question. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). The party who challenges the sentence bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

A district court abuses its discretion in imposing a sentence when it (1) fails to afford consideration to relevant factors, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in

10

considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). We will not vacate a sentence unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotation omitted).

A district court should treat the Guidelines as the starting point for its sentencing analysis, and it must give them "respectful consideration." *United States v. Docampo*, 573 F.3d 1091, 1105 (11th Cir. 2009) (quotation omitted). The district court's sentence must be "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need for the sentence to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2). The court should also consider the nature and circumstances of the offense and history and characteristics of the defendant, the kinds of sentences available, the guideline range, any pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7). The weight given to any specific § 3553(a) factor is

committed to the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

A court is entitled to consider any information relevant to a defendant's "background, character, and conduct" when imposing a sentence.  U.S.S.G. § 1B1.4; *see also Tome*, 611 F.3d at 1379 (stating that a district court appropriately considered a withheld adjudication in considering a defendant's background, character, and conduct).  Finally, although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence.  *See Gonzalez*, 550 F.3d at 1324.

Section 2A4.1 of the Guidelines applies to "Kidnapping, Abduction, and Unlawful Restraint" and provides for a base offense level of 32.  U.S.S.G. § 2A4.1(a).  Both the commentary to § 2A4.1 and the statutory index found in Appendix A of the Guidelines indicate that it is the section applicable to violations of 18 U.S.C. § 1201.  U.S.S.G. § 2A4.1, comment. (backg'd).  Section 2A4.2, however, applies to "Demanding or Receiving Ransom Money," and provides for a base offense level of 23.  U.S.S.G. § 2A4.2(a).  The background commentary to § 2A4.2 states that:

> This section specifically includes conduct prohibited by 18 U.S.C. § 1202, requiring that ransom money be received, possessed, or

12

disposed of with knowledge of its criminal origins. The actual demand for ransom under these circumstances is reflected in § 2A4.1. This section additionally includes extortionate demands through the use of the United States Postal Service, behavior proscribed by 18 U.S.C. §§ 876-877.

U.S.S.G. § 2A4.2, comment. (backg'd).

We review a claim that a sentencing court erroneously treated the Sentencing Guidelines as mandatory rather than advisory, in violation of *United States v. Booker*, 543 U.S. 220 (2005), for plain error when that claim is raised for the first time on appeal. *United States v. Smith*, 480 F.3d 1277, 1279 (11th Cir. 2009). There is no plain error under *Booker* where it is clear from the record that the district court considered the Guidelines to be advisory. *Id.* at 1281 (finding no plain error where "the district judge explicitly stated that she had consulted the 'advisory range' and determined that no departures from that range were warranted").

Here, Palma has failed to meet his burden of establishing that his sentence was unreasonable in light of the record and the § 3553(a) factors. *Tome*, 611 F.3d at 1378. First, Palma was not "similarly situated" to defendants sentenced under § 2A4.2 who solely received ransom money or demanded it through the use of the postal service. Moreover, any disparity between Palma's sentence and such a hypothetical defendant would not render Palma's sentence substantively unreasonable because he has failed to demonstrate that the disparity outweighed

13

the other § 3553(a) factors that the district court considered.  Further, while the court did not grant Palma's request for a variance, it did sentence him to the lowest possible guideline sentence, despite its concern about his extensive criminal history.  We would ordinarily expect such a sentence, which was both within the guidelines and well below the statutory maximum sentence of life imprisonment, to be reasonable.  *Hunt*, 526 F.3d at 746; *Gonzalez*, 550 F.3d 1324.  To the extent that Palma argues that the district court improperly treated the Guidelines as mandatory, the district court did not plainly err because it appropriately considered the applicable guideline range as advisory.  *Smith*, 480 F.3d at 1279, 1281; *Docampo*, 573 F.3d at 1105 (noting that courts should give the guidelines "respectful consideration").

Accordingly, we affirm Palma's conviction and 135-month sentence.

**AFFIRMED.**